Blatt, Appellant, *v.* C. C. Davis Construction Co.

Argued March 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Mark E. Garber,* with him *James D. Flower, Garber & Garber,* and *Myers, Myers & Flower,* for appellant.

*J. Boyd Landis,* with him *Joseph J. McIntosh,* and *Landis & McIntosh,* for appellee.

OPINION BY WATKINS, J., June 11, 1957:

This is an action in trespass to recover damages for personal injuries. The plaintiff, Walter Q. Blatt, Sr., was an insurance agent. While in the course of his employment on January 2, 1950 he injured his legs in a fall. He tried to continue working but was finally hospitalized in the Lewistown hospital March 15, 1950. He was receiving compensation benefits under the workmen's compensation law. The hospital where he was being treated, was being remodeled and on March 16, 1950 a beam fell on the bed striking the already injured and swollen right foot.

The plaintiff brought this action for damages against the building contractor and alleged total and complete disability as a result of the contractor's negligence. The jury brought in a verdict in favor of the plaintiff, for pain and suffering alone, in the amount of $1500. The plaintiff filed a motion for a new trial and this appeal is from an order of the lower court refusing the motion.

At the trial the lower court, over the plaintiff's objection, permitted questions concerning the receipt of workmen's compensation benefits because of the injury sustained on January 2, 1950. Not only was the fact that the plaintiff had received compensation benefits, based on the prior injury, received in evidence, but the complete agreement between the plaintiff and his com--

pensation carrier, showing the terms and the amounts the plaintiff received and was to receive, was also disclosed to the jury.

We do not believe that the question of workmen's compensation benefits, whether for the period prior to the accident of March 16, the time of the hospital injury, or subsequent thereto, was material for any purpose in his claim for damages as the result of the negligence of the defendant contractor. The plaintiff has an independent right of action for any injury caused by a third party without regard to the original compensable injury. While compensation provides a certain relief to an injured person, which, from a legislative point of view, is ample, it cannot be regarded as representing total compensation. *Lengle v. North Lebanon Twp.*, 274 Pa. 51, 117 A. 403 (1922). See also *Phila. v. Phila. R. T. C.*, 337 Pa. 1, at page 4, 10 A. 2d 434 (1939), where it was held, that sums paid to city firemen "were in the nature of disability compensation, similar to workmen's compensation payments and payments under an accident insurance policy and should be treated in the same manner. Such payments have always been disregarded in determining the amount of damages to which an injured plaintiff is entitled."

The general rule, followed by the courts of this Commonwealth, holds that reference to insurance held or being paid to an adverse party, unless falling within one of the limited exceptions to the rule, constitutes prejudice for which a juror will be withdrawn or a new trial granted.

Several cases purporting to be exceptions to the above rule have been cited, i.e., *Lenahan v. Pittston Coal Mining Co.*, 221 Pa. 626, 70 A. 884 (1908), to show bias of a defense witness. *Randal v. Gould*, 225 Pa. 42, 73 A. 986 (1909), tending to conclusively show notice of a cloud on the title of real property by means

of evidence of title insurance noting the existence of claim of plaintiff. *Sperry v. White Star Lines, Inc.*, 315 Pa. 361, 172 A. 646 (1934), the court said: "Regarding the action of defendant's counsel in injecting into the case a question as to receipt of workmen's compensation payments, we feel, in the circumstances, no harm was done to plaintiff. The question was not answered and the jury was immediately instructed to disregard it." *Jury v. New York Central Railroad Co.*, 167 Pa. Superior Ct. 244, 74 A. 2d 531 (1950), involving the refusal to admit into evidence a release given by plaintiff to defendant which showed that plaintiff was insured. A new trial was granted because of the exclusion of a relevant matter constituting a substantive defense.

In each of the foregoing cases the court found that the evidence sought to be admitted was either relevant or that its admission does not constitute prejudice. However, in none of the cases cited was the extent of the coverage or the amount received disclosed to the jury.

In the instant case, the evidence of the receipt of compensation, together with the agreement showing the terms and the amount of compensation payments, was admitted, purportedly, for the limited purpose of attacking the credibility of the plaintiff as to his testimony of the time when he became totally disabled and the accident which caused this total disability, for which he now seeks to recover. The record shows that the admission of this evidence did not and could not accomplish this result, because the plaintiff did not identify and could not identify the accident which caused his total disability.

The admission of the compensation agreement, which was the final result of several hearings and much negotiation between the plaintiff and the employer's

insurance carrier, which indicated and described the original injury upon which the claim for compensation was based, gave no indication as to the reason for the continuance of payments of compensation beyond March 16, or the continued total disability. The inference to be drawn from this agreement could not be rebutted without a complete review of the compensation hearings and the findings of fact by the referee, (which were properly excluded by the court below), the result of which would be to cloud the issue and confuse and prejudice the jury. *Hamory v. Pennsylvania, Monongahela & Southern Railroad Company,* 222 Pa. 631, 72 A. 227 (1908).

The only result to be gained by the admission of evidence as to compensation in this case would be to mitigate the damages of the plaintiff, which falls squarely within the holding of the Supreme Court in *Lengle v. North Lebanon Twp.,* supra, where the Court said: "There was admitted in evidence a compensation agreement under which deceased's children received compensation. Not only was the fact of an agreement admitted, but much testimony was taken showing the amount of money received under it. The offer was for the purpose of showing plaintiff could not maintain the action in right of the children. The real purpose (not part of the offer) was to convey to the jury the fact that the children were already being taken care of under the compensation laws of the State, and the amount received by them. No further suggestion was necessary to convince the jury the township should not be asked to pay more to the children or any sum in relief of the employer. Under such circumstances plaintiff's chance of recovering anything was materially injured the moment the evidence was delivered. The court endeavored to correct its mistake in its charge, but the mischief was already done. Corrective

instructions had little chance to get this idea out of the jurors' minds."

The judgment of the court below is reversed and a venire facias de novo awarded.