Zawoyski *v.* Pittsburgh Railways Company,
Appellant.

Argued October 5, 1964. Before BELL, C. J., MUS-
MANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

564

*Con F. McGregor,* with him *Bechman, Dunn & Mc-Gregor,* for appellant.

*Milton I. Watzman,* with him *Watzman and Grou-dine,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, November 10, 1964:

On the morning of August 10, 1958, the alarm sounded in the Carnegie Fire House, which sat back some 38 feet from Main Street which it faced. With alertness and promptitude the firemen leaped to their duties. Krovchyshyn, the driver, scaled to the driver's seat of the fire truck, Steve Moss jumped onto the running board at the rear of the truck, and Fireman Frank T. Zawoyski, the plaintiff in this case, ran ahead to the center of Main Street to make certain the street was clear because it would be of little use to the premises on fire if the fire truck became crippled before it could get rolling on its mission to quench the consuming flames.

Zawoyski saw a streetcar approaching from the west, then about 150 feet away, traveling at some 35 miles per hour. He waved to the motorman to stop and the car immediately began to slacken its speed. In view of the setback of the engine house from the street, the driver of the fire truck had to depend on a signal from Zawoyski as to when to move into Main Street because a high building to his left shut off his view. Zawoyski did then signal Krovchyshyn to come on. With ear-splitting siren blowing, accompanied by

all the clatter of a huge fire truck in movement, Krov-chyshyn did come on. The streetcar, with less audible commotion, also came on. The vehicles met.

Zawoyski, charging the railways company with negligence in advancing in the face of a demonstrated obstacle in the path of its streetcar, sued the railways for injuries he sustained when, jumping onto the running board of the fire truck, he was jolted by the collision. The railways company made the Borough of Carnegie an additional defendant. The borough sued the Pittsburgh Railways Company for the damages done to its truck.

At the trial the jury returned a verdict in favor of Zawoyski in the sum of $15,000 and returned a verdict in favor of the railways company in the suit filed by the borough.

The appellant company now asks for judgment n.o.v., or, in the alternative, a new trial. It contends that the plaintiff was guilty of contributory negligence as a matter of law. The record does not uphold this contention. It maintains also that there is an inconsistency in the verdicts, arguing that since the jury found for the railways company in the borough's suit against it, this meant that Zawoyski was negligent in the manner in which he signalled the fire truck to come forward into Main Street. This is not necessarily so. The jury could have found that the borough was not entitled to a verdict for the damage done to its fire truck on the basis that the driver of the truck, Krovchyshyn, failed properly to observe the signals given him by Zawoyski. This proposition is borne out by the Court's questioning of the jury: "The Court: You have found the truck driver and the street car operator to have acted negligently; is that correct? Juror No. 1: That's correct. The Court: All jurors answered in the affirmative to that. Is that right? (The Jury nodding in the affirmative.)"

The appellant complains because it was not permitted to show that the plaintiff had received workmen's compensation during his absence from work because of the injuries sustained in the accident. It is sufficient to say in this connection that what the plaintiff received were not wages but disability payments pursuant to the Act of June 23, 1935, P. L. 477, 53 P.S. §637, as amended. We said in *Philadelphia v. Philadelphia Rapid Transit Co.*, 337 Pa. 1: "Such payments have always been disregarded in determining the amount of damages to which an injured plaintiff is entitled."

Nor do we agree, as argued by the appellant, that the amount of the verdict was grossly excessive. The plaintiff was injured in the chest and hip. He underwent surgery, which left a permanent scar on his chest. He received numerous injections of cortisone, hydrocortisone and novocain in his hip. He has suffered considerable pain and discomfort. The attending physician testified that the pain in the plaintiff's hip has taken on the aspect of chronicity. His doctor bills amounted to $450 and his hospital bill $257.39. He lost wages for a month. The mere disparity between the amount of the out-of-pocket expenses and the amount of the verdict does not of itself justify the granting of a new trial. (*Chappell v. Pittsburgh and W. Va. Railway Co.*, 402 Pa. 646.)

Judgment affirmed.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I am convinced that plaintiff was guilty of contributory negligence as a matter of law and I would therefore enter judgment for Pittsburgh Railways Company non obstante veredicto.