## Hertel v. Parke

*John Campana,* for plaintiff.
*Gary L. Weber,* for defendant.

WOLLET, *J.*, December 21, 1987—Plaintiff filed a complaint on July 21, 1987 against defendant for damages sustained as a result of an automobile accident. Defendant Parke has filed a preliminary objection under Pa.R.C.P. 1028 in the nature of a demurrer or motion to strike and avers items of medical expenses and lost wages are not recoverable. Argument on the preliminary objection was held November 24, 1987 and both parties have submitted briefs in support of their positions.

In *Hall v. Goodman Co.*, 310 Pa. Super. 465, 456 A.2d 1029 (1983), the court set forth the applicable standard of review when considering preliminary objections in the nature of a demurrer. The court must accept as true all well pleaded material facts in the complaint, as well as reasonable inferences therefrom. *Id.* at 475, 456 A.2d at 1034. Defendant, by filing a demurrer, admits all relevant facts sufficiently pleaded, but not conclusions of law. *Id.* at 475, 456 A.2d at 1035. If the court finds that it is clear and free from doubt that, upon the facts averred, the law will not permit recovery by plaintiff, the preliminary objections should be sustained and the matters stricken. *Id.* at 475, 456 A.2d at 1034.

The facts and inferences, as established by plaintiff's complaint, are succinct. On December 18, 1985, shortly after 7:30 a.m. defendant was travelling west on Legislative Route 41055. Plaintiff was a passenger in a vehicle proceeding north on Route 87 and collided with defendant at the intersection of Route 87 and Legislative Route 41055. The complaint in this action avers defendant was negligent and seeks recovery for damages and injuries sustained in the accident. Specifically, paragraph 9 seeks $271 for medical expenses and paragraph 10 avers plaintiff lost $2,086.40 in wages.

Defendant alleges plaintiff failed to plead medical expenses and lost wages in excess of the minimum level of benefits provided for in section 1711 of Title 75 and asks the court to strike paragraphs 9 and 10 of the complaint. Section 1722 precludes pleading or recovering medical expenses and lost wages to the extent compensated by the minimum level of benefits required by section 1711 of the Vehicle Code. 75 Pa.C.S. §1722 (Purdon's Supp. 1987). Section 1711 provides a medical benefit of $10,000 and a $5,000 income loss benefit. Paragraphs 9 and 10 of the complaint seek benefits below these limits and defendant's demurrer has merit. *Snyder v. Witt*, 85-02202, slip op. at 4-5 (Wollet, J., May 22, 1987).

At the time of the accident, plaintiff was working for STEP Inc. and as a result of being hurt on the job, the medical expenses and lost wages were paid by workers' compensation. The fact that the claimed losses were paid by workers' compensation, not plaintiff's motor vehicle insurance carrier, forms the basis for plaintiff's argument. His argument is that only expenses paid or payable by the motor vehicle insurance carrier in the amounts set forth in section 1711 cannot be recovered in a lawsuit against the tortfeasor and workers' compensation benefits do not fall into the exclusions of section 1722. Defendant argues section 1722 is not limited in its application to benefits paid from a motor vehicle insurance carrier and benefits are recoverable from plaintiff's automobile insurance.

Section 1722 precludes a person, eligible to receive benefits under the section 1711 coverages in any action against a tortfeasor arising out of the maintenance or use of a motor vehicle, from pleading, proving or recovering the amount of benefits paid or payable under section 1711. Section 1711

requires a motor vehicle insurer to provide a minimum income loss benefit of $5,000 and a minimum medical expense benefit of $10,000. Plaintiff's contention that section 1722 is inapplicable because the expenses were paid by worker's compensation is not on record and not pleaded in the complaint. Nevertheless, it is clear section 1722 does not distinguish between benefits paid by worker's compensation and those paid by a motor vehicle carrier.

Section 1722 applies to those "eligible" to receive section 1711 benefits as a result of any accident involving the use or maintenance of a motor vehicle and when the injury arises out of such use or maintenance the benefits are paid or payable. Neither section 1711 or section 1722 refer to workers' compensation benefits in any way nor purport to prevent the application of section 1722 to workers' compensation benefits. At argument, plaintiff conceded he is covered by an insurance policy from which he could recover section 1711 benefits and that the injury arises from the maintenance or use of a motor vehicle. From the language of the statute, the court finds section 1711 benefits are not recoverable from the tortfeasor notwithstanding the fact that they were paid by workers' compensation rather than the motor vehicle carrier.

To accept plaintiff's argument, the court would need to find the general assembly in enacting section 1722 intended a person injured in an automobile accident while in the course of his employment could sue a tortfeasor for medical expenses and lost wages while all others injured in similar accidents could not. Section 1922(1) of the Statutory Construction Act states there is a presumption the general assembly does not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa. C.S. §1922(1) (Purdon's Supp. 1987). Plaintiff's ar-

gument would ascribe such an intent to the general assembly and the court finds section 1722 should be interpreted to preclude suit against a tortfeasor for section 1711 benefits even if they were paid by workers' compensation.

Plaintiff argues under section 1719 of Title 75 workers' compensation benefits are primary and he is not entitled to receive benefits from his automobile insurance carrier. Section 1719 provides only that an automobile insurance policy shall be primary coverage over health or medical insurance plans. Although section 1719 does not make automobile insurance primary where workers' compensation is involved, it does not state workers' compensation is primary when both are involved. Plaintiff has not pointed to any authority that workers' compensation benefits are primary and the law appears to be otherwise.

The general rule is that workers' compensation payments are disregarded when determining the amount of damages an injured party is entitled to. *Zawoyski v. Pittsburgh Railways Co.*, 415 Pa. 563, 204 A.2d 463 (1964). This general rule may be statutorily modified as has occurred in section 1722 which allows double recovery. Under the No-fault Act, section 1009.101 et seq. of Title 40, first party benefits were reduced by the amount of workers' compensation received. 40 P.S. §1009.206. The No-fault Act has been repealed and section 1009.206 has not been replaced by a comparable provision in the Motor Vehicle Financial Responsibility Law.

In fact, section 1719 provides, except for workers' compensation, all motor vehicle policies shall be primary and any other contract for section 1711 benefits shall be construed excess coverage and not in duplication of section 1711 benefits or workers' compensation benefits. The MVFRL places section

1711 and workers' compensation benefits on a parity and evidences a legislative intent to permit double recovery where both are involved. Medical expenses and lost income benefits are recoverable from both workers' compensation and the automobile carrier and are therefore "payable" under section 1711 and plaintiff is prevented by section 1722 from pleading or proving them in this action.

Plaintiff also argued he should be able to recover from the tortfeasor because he chose to forego benefits from his motor vehcile carrier. If a plaintiff chooses to forego benefits available from his automobile carrier, he cannot then attempt to hold the tortfeasor liable for the losses. *Krock v. Chroust,* 330 Pa. Super. 108, 478 A.2d 1376 (1984). Defendant's preliminary objection will be sustained.

## ORDER

And now, December 21, 1987, it is ordered and directed that defendant's preliminary objection is sustained and paragraphs 9 and 10 of the complaint are stricken. Plaintiff shall have 20 days in which to amend the complaint with respect to these claims in conformity with the law.