## Reeder v. Young

*Gary L. Weber,* for plaintiffs.
*Jayne Shinko,* for defendant.

RAUP, *P.J.,* June 17, 1988 — Before the court are plaintiffs' preliminary objections to defendant's amended counterclaim. The action arises out of an automobile accident which occurred on December 19, 1985. Plaintiff has filed suit for damage to his automobile; the defendant has counterclaimed for medical expenses and lost wages.

The accident occurred on Interstate Route 180 near the Hepburn Street exit in Williamsport, Pennsylvania. Defendant's automobile was either stopped or traveling at a very slow rate of speed on the westbound portion of Interstate 180. Plaintiff, who failed to see defendant's vehicle, collided with the rear of defendant's car. Plaintiffs seek to recover

for the damage to their vehicle, and defendant, who was not insured at the time of the accident, seeks to recover medical expenses and lost wages from plaintiffs. Plaintiffs have filed preliminary objections to defendant's counterclaim, arguing that she is entitled to recover insurance benefits under the Pennsylvania Motor Vehicle Financial Responsibility Act 75 Pa.C.S. §1701 et seq. rather than from plaintiffs. Defendant argues that because she was uninsured at the time of the accident, her only source of recovery is from plaintiffs.

It is clear from the language of section 1711 of the act that the legislature intended all automobile owners in Pennsylvania to purchase automobile insurance which must cover the insured with certain minimum first-party benefits. It is also clear that the legislature intended that the insured be precluded from obtaining a double recovery to the extent of the minimum first-party benefits from an alleged third-party tortfeasor. The legislature has prevented windfall awards by promulgating section 1722 of the act, which states as follows:

"In any action for damages against a tortfeasor arising out of the maintenance or use of a motor vehicle, *a person who is eligible* to receive benefits under the coverages set forth in section 1711 (relating to required benefits) shall be precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable under section 1711. This preclusion applies only to the amount of benefits set forth in section 1711." (emphasis supplied)

The issue before this court is whether a person who has failed to purchase minimum insurance (or to qualify as self-insured) may recover from a third-party tortfeasor the amount of section 1711 benefits which he should have provided for himself. This

question requires us to decipher the phrase, "a person who is eligible to receive benefits" under section 1722. Defendant's position is that only a person who has actually purchased insurance is "eligible to receive benefits," and therefore the section 1722 preclusion is inapplicable. Plaintiffs, on the other hand, argue that "persons eligible" include anyone who operates a motor vehicle, as distinct from those who are statutorily ineligible for such benefits (e.g., those operating vehicles not intended for highway use, motorcycles, motor driven cycles or motorized pedalcycles).

The construction advanced by defendant is inconsistent with the legislative scheme requiring that automobile owners purchase insurance or qualify as self-insurers. It is inconceivable to us that the legislature would have intended that only those who fail to insure themselves would be able to recover the minimum section 1711 first-party benefits from a third-party tortfeasor. We therefore hold that the phrase, "person eligible to receive benefits" as used in section 1722 means persons who are subject to the requirement that they purchase insurance. The phrase encompasses all individuals who operate motor vehicles registered in the commonwealth and who would be entitled to receive benefits under the act when injured as the result of the use and maintenance of an automobile.

## ORDER

And now, this June 17, 1988, it is hereby ordered and directed that plaintiffs' preliminary objections to defendant's counterclaim are sustained, and defendant's claim against the plaintiffs for medical expenses and loss of wages is dismissed.