**Michael J. POSTORINO, Plaintiff,**

v.

**Leonard M. SCHROPE and Dominic J. Vettese, t/a The Flower Market, Defendants.**

**Civ. A. No. 88–7686.**

United States District Court,
E.D. Pennsylvania.

May 1, 1990.

Andrew Hermann, Scoblionko & Scoblionko, Muir & Bartholomew, Allentown, Pa., for plaintiff.

Charles J. Fonzone, Fonzone & Ashley, Allentown, Pa., for defendants.

### MEMORANDUM

TROUTMAN, Senior District Judge.

This diversity case involves a personal injury claim by the plaintiff, a pedestrian, who was allegedly struck by defendant Schrope's car in the parking lot of an Allentown, Pennsylvania, Laneco supermarket while plaintiff was engaged in his duties as a Laneco employee.

Defendants have moved to exclude evidence of plaintiff's medical expenses and wage loss from the trial of the case, scheduled to commence May 7, 1990. Defendants base their motion *in limine* upon the

Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. Cons. Stat.Ann. § 1711, *et seq.*, specifically § 1722 thereof[1].

There is no question that plaintiff's medical expenses and lost wages were paid. The source of the payments was not, however, defendant's motor vehicle insurance carrier. Because plaintiff was injured while in the course of employment, plaintiff was paid through worker's compensation. For this reason, he contends that § 1722 is inapplicable and that he is, therefore, free to plead and prove his medical expenses and lost wages as damages at trial.

Thus, the issue before the Court is whether plaintiff is subject to the evidence preclusion provision of § 1722.[2]

Plaintiff argues that he is not subject to such preclusion because he was not "eligible to receive benefits" under the MVFRL. Rather, he was required to look first to worker's compensation and, to the extent that he was paid thereunder, could not make any claim for medical expenses or wage loss benefits from defendants' motor vehicle insurance. He conceded at oral argument, however, that he could have made a claim for any portion of his wage loss not compensated by worker's compensation but which did not reach the statutory maximum benefit of $5,000 specified in § 1711 of the MVFRL. It appears, therefore, that any such amount could not be sought at trial because of the preclusion found in § 1722, no matter what the decision with respect to the wage loss and medical benefits received under worker's compensation.

Plaintiff cites two cases from the Eastern District of Pennsylvania in support of his contention that his medical and wage loss damages were not compensable under § 1711.

In *McClain v. Dixie Auto Transport*, No. 86–7371, slip op. at 2, 1989 WL 6583 (E.D.Pa. April 6, 1988), the court concluded, without analysis, that the plaintiff was not eligible to receive first party medical benefits under § 1711 because he received worker's compensation benefits and, "Under § 1719(a) of the MVFRL plaintiff's workers' compensation coverage is primary to his automobile insurance." Thus, the court reasoned that any amounts otherwise "payable" under a motor vehicle insurance policy pursuant to § 1711 but actually paid by worker's compensation insurance were not, "[I]ncluded within the § 1722 preclusion".

In further support of this conclusion, the *McClain* court cited *Locke v. Frank*, No. 86–2087, slip op. at 3, 1987 WL 5717 (E.D.Pa. Jan. 16, 1987). In that case, as an alternative, but unnecessary, reason for denying a motion to alter the judgment by reducing a jury's award of damages, the court observed, without analysis, that the defendant was, "[A]pparently in error with respect to workers' compensation benefits; those items are not included among the items specified in ... § 1722, upon which defendant relies."

This Court agrees that reference to § 1722 alone would make it "appear" that § 1711 is inapplicable when worker's compensation benefits are involved. The Court cannot agree, however, that reference should be made to § 1722 alone, where several statutory provisions cover the subject. In such an instance, all must be given their proper effect and, thus, must be considered together. Moreover, the Court is not persuaded that § 1719(a), one of the statutory sections involved, renders worker's compensation benefits primary to motor vehicle insurance benefits. Although § 1719(a) provides that, "Except for workers' compensation, a policy of insurance

1. § 1722 reads as follows:
   In any action for damages against a tort-feasor arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in Section 1711 (relating to required benefits) shall be precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable under section 1711.

This preclusion applies only to the amount of benefits set forth in section 1711.

2. There is no dispute in this case that the amount of wage loss and medical expenses fall below the statutory minimum. Thus, in this case, the entire amounts thereof would be precluded.

delivered pursuant to this subchapter shall be primary", such language does not suggest to this Court that workers' compensation is, therefore, primary to motor vehicle insurance coverage. True, one of the two sources of benefits, but not both, will pay the claim and, in that sense, such source of benefits can be considered "primary". On the other hand, however, it is likewise possible to read § 1719(a) as putting worker's compensation and motor vehicle insurance issued pursuant to the MVFRL on the same level, *i.e.*, neither worker's compensation benefits nor benefits payable under § 1711 are primary, but worker's compensation benefits can be substituted for benefits otherwise payable under § 1711. This interpretation is buttressed by reference to the remainder of § 1719(a), as well as by reference to § 1720.

The second sentence of § 1719(a) provides that, "Any program, contract or other arrangement for payment of benefits such as described in § 1711 ... shall be construed to contain a provision that all benefits provided therein shall be in excess of and not in duplication of any valid and collectible first party benefits provided in section 1711, 1712 or 1715 or *workers' compensation.*" (Emphasis added.) Thus, § 1719(a) appears to place § 1711 and worker's compensation benefits on the same level. There is nothing in § 1719(a), or elsewhere in the MVFRL, which suggests that § 1711 benefits should be considered in excess of worker's compensation benefits. Instead, § 1719(a) suggests that a claimant injured as a result of a motor vehicle accident would look first to either § 1711 benefits *or* to worker's compensation and mandates that any sources of benefits other than § 1711/worker's compensation will provide excess coverage only.

In addition, as noted, another statutory section, 1720, should be considered. This section provides that, "In any action arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to *workers' compensation benefits, benefits available under § 1711 (relating to required benefits)* [and/or benefits available

under other provisions of the MVFRL]." Once again, worker's compensation and § 1711 have been accorded equal status in the statute.

The question then arises, in connection with § 1720, as to why the legislature would choose to abrogate the traditional right of subrogation in the enumerated instances. It is obvious to the Court that the reason for doing so relates to the preclusion, set forth in § 1722, of pleading, proving and recovering required benefits. This section precludes, "[A] person who is eligible to receive benefits *under the coverages set forth in § 1711 (relating to required benefits)* ... from pleading, introducing into evidence or recovering the amount of benefits paid or payable under § 1711." (Emphasis added). Note that the statute does not limit the preclusion to persons eligible to receive benefits under § 1711 but includes the additional words "under the coverages set forth in § 1711." The "coverages" referred to are a medical benefit, an income loss benefit and a funeral benefit, each with an amount specified. Various provisions of the worker's compensation statute, 77 Pa. Stat. Ann., § 1, *et seq.*, likewise provide for medical benefits, wage loss benefits and funeral benefits. Thus, such "coverages" are available not only under motor vehicle insurance policies, but under worker's compensation policies as well. True, the amounts available to a claimant injured in a motor vehicle accident where the benefits are paid under a worker's compensation policy may differ from the amounts set forth in § 1711, but the "coverages" are nevertheless available from both sources, which, we have determined by reference to other provisions of the MVFRL, are equivalent, *i.e.*, neither is "primary" to the other.

If it is true that the provision in the MVFRL eliminating the traditional subrogation rights of insurers, including worker's compensation carriers, was included in the law as a *quid pro quo* for the preclusion, in a tort action, of the pleading, proving and recovery of the amount of required benefits specified in § 1711, it follows that such preclusion should apply when benefits were paid or payable by worker's compensation as well as when such benefits were

paid or payable by a motor vehicle insurance policy issued pursuant to § 1711.

In addition to the argument that plaintiff is not included in the preclusion provision of § 1722 because he was not "eligible to receive benefits under § 1711", plaintiff contended that worker's compensation benefits are not "payable" under § 1711. When viewed in the light of the foregoing analysis, however, the words "paid or payable" found in § 1722 do not have the effect for which plaintiff contends. Those words appear in § 1722 in connection with the monetary limits of the preclusion, not in connection with the description of the class of plaintiffs to whom the preclusion applies. In other words, notwithstanding the potential differences in amounts payable under § 1711 and worker's compensation, § 1722 explicitly limits the preclusion "to the amount of benefits paid or payable under § 1711." [3] Thus, the phrase "paid or payable" is relevant only in determining the monetary limits of the preclusion. It is completely irrelevant to the question of the identity of the claimant to whom § 1722 applies. The claimant to whom the preclusion applies is "a person who is eligible to receive benefits under the coverages set forth in § 1711." [4]

Although we have based our construction of § 1722 upon its own language, as well as references in the MVFRL to the status of worker's compensation benefits *vis a vis* benefits available under motor vehicle insurance policies, the Court also concludes that such construction is warranted because it eliminates the possibility of extraneous issues having to be tried in a tort action in order to determine the admissability of evidence relating to wage loss and medical expense damages. If the admissability of such damages evidence were to depend upon the question of whether benefits were or are "payable" under worker's compensation or under § 1711, an issue could arise with respect to whether a particular claimant was acting within the course or scope of employment when injured. Trial of such an issue in a tort case arising from a motor vehicle accident would be far afield from the usual issues involved in such cases, serving only to lengthen and complicate the proceedings. Moreover, such an inquiry would encroach upon the statutory and regulatory scheme designed to resolve such a traditional worker's compensation issue.

Moreover, a holding which allows proof of damages otherwise excluded from a motor vehicle case based solely upon the fortuitous circumstance of injury occurring to an employee acting within the course and scope of employment and, thus, eligible for worker's compensation benefits, would be manifestly unfair and surely could not have been intended by the legislature.

Finally, we note that two judges of the Pennsylvania Court of Common Pleas have reached the same result with respect to the applicability of § 1722, albeit under somewhat different reasoning. *See, Reeder v. Young,* 48 Pa. D. & C.3d 432 (Lycoming Co.1988) and *Hertel v. Parke,* 48 Pa. D. & C.3d 456 (Lycoming Co.1987). Although this Court does not enjoy being in disagreement with two esteemed colleagues on the same bench, in this instance, we conclude that we must concur with our equally esteemed Pennsylvania trial court colleagues for the reasons stated herein. An appropriate Order follows.

## ORDER

And now, this 30th day of April, 1990 upon consideration of defendant's motion in limine (included within Doc. # 10) and plain-

**3.** Indeed, it appears to the Court that the final sentence of § 1722 was included by the legislature to emphasize that, no matter what the source of the first party benefits described in § 1711, *i.e.,* motor vehicle insurance or worker's compensation, the preclusion extends only to the amounts specified in § 1711.

**4.** This construction makes sense grammatically, as well as in the context of attempting to give full effect to all of the applicable statutory sections, all of the language within each section and the intent of the legislature. The words "paid or payable" modify and identify "amount" and make no reference to any person who is precluded from pleading, proving or recovering "the amount of benefits paid or payable under § 1711". The phrase, "who is eligible to receive benefits under the coverages set forth in § 1711" modifies and identifies the person so precluded.

tiff's response thereto (Doc. # 12), IT IS ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 75 Pa. Cons. Stat.Ann. § 1722, plaintiff is precluded from introducing into evidence medical bills and wage loss certifications up to the amounts specified in 75 Pa. Cons. Stat.Ann. § 1711.