664 A.2d 1038

Constance **PALMOSINA** and Michael Palmosina,
her husband, Appellees,

v.

**LAIDLAW TRANSIT COMPANY, INC.** and
Frances M. Wilson, Appellants.

Superior Court of Pennsylvania.

Argued May 24, 1995.

Filed Sept. 8, 1995.

Brennan Hart, Pittsburgh, for appellants.

David M. Moran, Pittsburgh, for appellees.

Before WIEAND, DEL SOLE and CERCONE, JJ.

WIEAND, Judge:

In this appeal, we are asked to correct a legislative oversight appearing in the initial draft of the Motor Vehicle Financial Responsibility Law.[1] The trial court, applying literally the language of the statute and the substantive law of this Commonwealth, held that a pedestrian employee could effect a double recovery from the third party tortfeasor even though she had previously been paid benefits by her employer's workers' compensation carrier. After careful review, we agree with the learned trial judge that the deficiency in the statute was for the legislature to correct.

On October 6, 1989, Constance Palmosina, an employee of Mellon Bank, was struck at an intersection in Carnegie by a Laidlaw Transit bus operated by Frances Wilson. Because of injuries received, Palmosina was paid workers' compensation benefits which included the cost of medical expenses and wages lost. In a separate action against Laidlaw Transit and Wilson, a jury awarded damages of $853,500.00 to Palmosina and $50,900.00 to her husband. Included in Palmosina's damages were medical expenses of $205,408.56 and lost wages of $53,649.47 for which Palmosina had previously been reimbursed by workers' compensation. On appeal from the judgment entered on the verdict, the defendants contend, inter

---

1. As we shall see, the legislature itself has corrected this oversight by amendment.

alia, that the trial court erred when it allowed the plaintiffs to introduce evidence in their third party action of the medical expenses and lost wages which Palmosina had already recovered in the workers' compensation claim.

■ Historically, workers' compensation benefits have been considered a collateral source of recovery in a plaintiff's action against the third party tortfeasor. *Zawoyski v. Pittsburgh Rys. Co.*, 415 Pa. 563, 566, 204 A.2d 463, 465 (1964) (evidence of plaintiff's workers' compensation benefits properly excluded in plaintiff's personal injury suit against third party tortfeasor); *Philadelphia v. Philadelphia Rapid Transit Co.*, 337 Pa. 1, 4, 10 A.2d 434, 435 (1940) (disability payments made by municipality to injured fireman should be disregarded in determining the amount of damages to which an injured plaintiff is entitled); *Blatt v. C.C. Davis Constr. Co.*, 184 Pa.Super. 30, 32, 133 A.2d 576, 577–578 (1957) (workers' compensation benefits immaterial in plaintiff's independent right of action for injury caused by a third party). Because the employer had a right of subrogation, double recovery generally did not occur. "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party...." Workmen's Compensation Act of June 2, 1915, P.L. 736, art. III, § 319, 77 P.S. § 671. Accordingly, the tortfeasor was liable to an injured employee for the full amount of any judgment, since there was no possibility of a plaintiff recovering an amount in excess of his or her damages where the employer who paid workers' compensation benefits is subrogated to the right of employee against such third party. *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 108, 465 A.2d 609, 612–613 (1983). "When a claimant recovers an award or settlement in a third party action, there comes into play [the employer's right of subrogation.]" *Creighan v. W.C.A.B. (Mellon Stuart Corp.)*, 154 Pa.Commw. 620, 622, 624 A.2d 680, 681 (1993).

When the legislature enacted MVFRL, however, it took away the employer's right to be subrogated from tort recoveries in actions arising out of motor vehicle accident cases. See:

75 Pa.C.S. § 1720 (1984) (amended 1990) (repealed in part 1993). See also: *Fulmer v. Pennsylvania State Police,* 167 Pa.Commw. 60, 64–65, 647 A.2d 616, 618–619 (1994) (automobile accident tort recovery of claimant who received benefits under the Heart and Lung Act, which effectively replace workers' compensation benefits for certain employees, was shielded from employer subrogation rights pursuant to 75 Pa.C.S. § 1720 (1984 and 1990 versions); *Byard F. Brogan, Inc. v. W.C.A.B. (Morrissey),* 161 Pa.Commw. 453, 637 A.2d 689 (1994) (applying 1984 version of MVFRL and holding employer had no right of subrogation in automobile accident case); *Walter v. Kamppi,* 118 Pa.Commw. 487, 545 A.2d 975 (1988) (same).

When MVFRL was enacted in 1984, it contained a provision at 75 Pa.C.S. § 1722 as follows:

> In any action for damages against a tortfeasor arising out of the maintenance or use of a motor vehicle, a person **who is eligible to receive benefits under the coverages set forth in section 1711** (relating to required benefits) shall be precluded from pleading, introducing into evidence or recovering the amount of benefits **paid or payable under section 1711.** This preclusion applies only to the amount of benefits set forth in section 1711.

75 Pa.C.S. § 1722 (1984) (amended 1989) (amended 1990) (repealed in part 1993) (emphasis supplied).

On April 26, 1989, this Section was amended to read:

> In any action for damages against a tortfeasor arising out of the maintenance or use of a motor vehicle, a person **who is eligible to receive benefits under the coverages set forth in section 1711** (relating to required benefits) **or the coverage set forth in section 1715(a)(1.1)** (relating to availability of adequate limits) shall be precluded from pleading, introducing into evidence or recovering the **amount of benefits paid or payable under sections 1711 or 1715(a)(1.1).** This preclusion applies only to the amount of benefits set forth in sections 1711 and 1715(a)(1.1).

75 ·Pa.C.S. § 1722 (1989) (amended 1990) (repealed in part 1993) (emphasis supplied).[2] When the accident in this case occurred on October 6, 1989, this section of the statute was in effect. As a reading thereof suggests, the statute did not preclude recovery for workers' compensation benefits previously paid.

However, in February, 1990, effective in July, 1990, the statute was amended and rewritten to read as follows:

> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person **who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation,** or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits **paid or payable under this subchapter, or workers' compensation,** or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 Pa.C.S. § 1722 (1990) (repealed in part 1993) (emphasis supplied).[3]

Because the legislature could not reasonably have intended to allow a double recovery, it is argued, the omission of pre–1990 language precluding recovery for workers' compensation benefits must have been inadvertent. A similar argument was made and accepted by a federal trial court in *Postorino v. Schrope,* 736 F.Supp. 639 (E.D.Pa.1990). There, the plaintiff had been struck by defendant's automobile in a parking lot in Allentown while engaged in his duties as a supermarket employee. The defendant moved to exclude at trial evidence of plaintiff's medical expenses and wage loss pursuant to 75

---

**2.** Section 1711 set forth the coverage amounts of required medical, income loss and funeral benefits. Section 1715(a)(1.1) required an insurer to make available for purchase additional coverage for extraordinary medical benefits.

**3.** In 1993, the legislature concurrently repealed sections 1722 (relating to preclusion of benefits) and 1720 (relating to subrogation) insofar as they relate to benefits under the Workers' Compensation Act.

Pa.C.S. § 1722. The motion was granted upon the court's determination that such preclusion was intended by the Pennsylvania legislature as a quid pro quo for elimination of the workers' compensation carrier's traditional right of subrogation. *Postorino v. Schrope, supra* at 641. Relying upon the legislature's express intent to coordinate benefits, 75 Pa.C.S. § 1719, the court included workers' compensation benefits within the limited scope of section 1722. See also: *Hertel v. Parke*, 48 Pa.D. & C.3d 456 (Lycoming 1987).

The *Postorino* court, however, ignored the specific language of the statute then in effect and rewrote the statute as the court believed the legislature may have intended. This was improper. As the Supreme Court opined in *Commonwealth ex rel. Cartwright v. Cartwright*, 350 Pa. 638, 40 A.2d 30 (1944), a court cannot supply an apparent omission in a statute even though it appears that the omission resulted from the legislature's mere inadvertence or failure to foresee or contemplate a case in question. *Id.* at 645, 40 A.2d at 33. Where certain things are specifically designated in a statute, all omissions should be understood as exclusions. *Commonwealth v. Charles*, 270 Pa.Super. 280, 287, 411 A.2d 527, 530–531 (1979).

Moreover, by amending the statute again in 1990, the legislature reinforced that there had previously been no intent to preclude recovery for workers' compensation benefits. "A change in the language of a statute ordinarily indicates a change in legislative intent." *Masland v. Bachman*, 473 Pa. 280, 289, 374 A.2d 517, 521 (1977). See also: *Haughey v. Dillon*, 379 Pa. 1, 6, 108 A.2d 69, 72 (1954).

Therefore, other trial courts have chosen to follow the plain language of 75 Pa.C.S. § 1722 in effect prior to 1990 and have not precluded plaintiffs from pleading, proving and recovering amounts paid by workers' compensation. See: *Templin v. Hansford*, No. 88–8998, 1990 WL 45104 (E.D.Pa.1990); *Locke v. Frank*, No. 86–2087, 1987 WL 5717 (E.D.Pa.1987); *Sueta v. Bonafede*, 5 D. & C. 4th 170 (Lackawanna 1990).

In *Davish v. Gidley,* 417 Pa.Super. 145, 611 A.2d 1307 (1992), the authors of both the majority and dissenting opinions believed that the legislature had intended a compensation scheme wherein a workers' compensation carrier had no right of subrogation and a claimant in an action for damages against a third party tortfeasor was precluded from recovering medical expenses and wage loss paid through workers' compensation. However, the discussion was imperfect because the authors relied on the 1990 amendment to the statute, and no attempt was made to determine the intent of the legislature prior to the 1990 amendment. Moreover, the discussion was dictum, for the issue to be decided was whether New Jersey or Pennsylvania law should be applied in determining whether a workers' compensation carrier had a right of subrogation. It seems clear, therefore, that *Davish v. Gidley, supra,* does not determine the issue before the Court in the instant case.

We recognize that in *Ducjai v. Dennis,* 540 Pa. 103, 656 A.2d 102 (1995), the Supreme Court also stated that there can be no double recovery for work related injuries. *Id.* at ——, 656 A.2d at 106. There, too, however, the issue was different, and the Court's observations were dicta. Moreover, the Court's observations were fully warranted in view of the 1993 amendment which amended both Sections 1720 and 1722.

Under the 1989 amendment, however, the statute does not preclude the double recovery decried by appellants, and the substantive tort law prevents a wrongdoer from taking advantage of the fortuitous existence of a collateral source of recovery. *Boudwin v. Yellow Cab Co.,* 410 Pa. 31, 33, 188 A.2d 259, 259–260 (1963); *Greenwood v. Hildebrand,* 357 Pa.Super. 253, 264, 515 A.2d 963, 968 (1986). As the Supreme Court said in *Vespaziani v. Insana,* 501 Pa. 612, 462 A.2d 669 (1983), where a plaintiff had sustained injuries in a work-related motor vehicle accident, "the fortuity that the victim was injured while engaged in duties within the scope of employment at the time of the motor vehicle accident should not protect a third party from tort liability to a greater extent than [provided under the applicable No–Fault Motor Vehicle Insurance Act]." *Id.* at 619, 462 A.2d at 673.

We hold, therefore, that the trial court did not err when, in this third party tort action, it allowed recovery for medical expenses and wage losses previously recovered by the plaintiff in a workers' compensation claim.

■ There is no merit in the remaining assignments of error made by appellants. The admission of photographs into evidence is within the discretion of the trial court. *Fahringer v. Rinehimer*, 283 Pa.Super. 93, 99, 423 A.2d 731, 734 (1980). Our review of the record in this case discloses no abuse of discretion. See: *Cervone v. Reading*, 371 Pa.Super. 279, 287, 538 A.2d 16, 20 (1988); *Piso v. Weirton Steel Co.*, 235 Pa.Super. 517, 523, 345 A.2d 728, 731 (1975) (although photographs depicted an unpleasant spectacle, they were clearly relevant to explain the nature and extent of the injuries and to illustrate the extensive treatment required).

It also was not an abuse of discretion to allow evidence of Mrs. Palmosina's circumstances which compounded her emotional and psychological suffering. Although misfortunes occurring to other family members are generally not relevant, much must be left to the discretion of the trial court. There was no abuse of discretion in this case.

Finally, the trial court's instructions on the duty to mitigate damages were adequate and correct. The court was not required to adopt precisely the language submitted by the appellants.

Judgment affirmed.