Jason Lewis, : 
                Petitioner : 
                 : 
          v. : 
                 : 
Workers' Compensation Appeal : 
Board (Fastrack Construction, Inc.), :   No. 416 C.D. 2016
            Respondent :   Submitted: September 16, 2016


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: December 19, 2016


        Jason Lewis (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) March 4, 2016 order affirming the Workers' Compensation Judge's (WCJ) decision, on remand, granting Fastrack Construction, Inc.'s (Employer) Review Benefit Offset Petition (Offset Petition). The sole issue before the Court is whether the Board erred in affirming the WCJ's decision.[1] After review, we affirm.

        Claimant sustained a work-related back injury on January 23, 2009 when, while in the course and scope of his employment as a carpenter with Employer, another contractor's (McGregor Industries, Inc.) employee assaulted him. By June 8, 2009 decision, a WCJ accepted Employer's and Claimant's Stipulation of Facts,

---

[1] Claimant presented two issues for this Court's review: (1) whether the Board erred by affirming the WCJ's decision ordering the Philadelphia County Common Pleas Court's prothonotary (Prothonotary) to release funds; and (2) whether substantial evidence supports the Board's holding that the WCJ merely "directed" the Prothonotary to release funds. Both issues are subsumed in the issue of whether the Board erred in affirming the WCJ's decision.

wherein, the parties agreed to Claimant's work injury and Employer would provide Claimant temporary total disability benefits in the amount of $836.00 per week beginning January 24, 2009. Thereafter, by January 13, 2010 decision, the WCJ approved a Compromise and Release Agreement (Agreement), pursuant to which Employer and Claimant agreed that, in resolution of all future indemnity claims for Claimant's January 23, 2009 work injury, Employer would pay Claimant $90,000.00, less a 20% counsel fee. Under the Agreement, Employer would not be responsible for any medical treatment incurred by Claimant on or after January 13, 2010, and Employer would assert a $140,000.00 subrogation lien against McGregor Industries, Inc.

On August 27, 2012, Employer filed the Offset Petition, seeking a subrogation credit for a third-party recovery. Claimant filed an Answer denying the allegations. On April 30, 2013, because the WCJ concluded that Employer established its immediate $140,000.00 subrogation right, the WCJ granted Employer's Offset Petition. The WCJ ordered Claimant to immediately make an out-of-pocket $140,000.00 lump sum payment to Employer's WC insurer, Liberty Mutual Insurance Company (Liberty Mutual). Claimant appealed to the Board.

On February 20, 2015, the Board reversed the WCJ's order directing Claimant to pay Employer $140,000.00, vacated the WCJ's decision and remanded the matter to the WCJ to reopen the record as necessary to receive additional evidence, and to issue appropriate findings of fact, conclusions of law and an order addressing Employer's Offset Petition. The Board specifically directed the WCJ to make "an explicit finding concerning the amount of attorney's fees or costs which were paid, which require resolution pursuant to the cited cases. *Stalmaster* [*v. Workmen's Comp. Appeal Bd. (SEPTA),* 679 A.2d 293 (Pa. Cmwlth. 1996)]; [*Pa. Mfrs. Ass'n Ins. Co v.*] *Wolf*[, 626 A.2d 522 (Pa. 1993)]." Board Dec. at 6, Reproduced Record (R.R.) at 26a.

2

On remand, the WCJ granted the Offset Petition for a total amount of $30,015.47, after determining that Employer had a right to subrogation in the amount of $60,000.00, less $21,000.00 in attorney fees and $8,984.53 in litigation expenses. The WCJ specified:

> It is ORDERED that the [Philadelphia Common Pleas Court's (trial court) prothonotary (Prothonotary)] or otherwise, make payments of $30,0150.47 [sic] for satisfaction of the [WC] Lien to [Liberty Mutual], in care of Counsel of record for the [WC] matter of Jason Lewis v. Fastrack Construction, Inc., Rhonda Harris, Esquire . . . of $21,000.00 for Counsel Fees . . . to Counsel of record for [Claimant], The Law Offices of Christy Adams, PC . . . and of $8,984.53 for reimbursement of costs in the matter of Jason Lewis v. McGregor Industries, Inc. . . . to Counsel of record for [Claimant], The Law Offices of Christy Adams, PC . . . from the deposits as a result of the arbitration of the civil action, Jason Lewis v. McGregor Industries, Inc. and Gilbane Building Company, October Term, 2010, No. 00550, in the [trial court], and in an account with the [Prothonotary], in accordance with the terms of the [WC Act (Act)[2]].

WCJ Dec. at 10, R.R. at 18a. Claimant appealed to the Board. On March 4, 2016, the Board affirmed the WCJ's order granting Employer's Offset Petition. Claimant appealed to this Court.[3]

Claimant argues that the Board erred by affirming the WCJ's decision **ordering** the Prothonotary to release third-party recovery funds to satisfy Employer's subrogation lien because the Act does not confer such jurisdiction on WCJs.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[3] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

3

Employer responds that the WCJ had exclusive jurisdiction to determine its entitlement to the lien.

Initially, the third-party recovery funds were put in escrow as a result of McGregor Industries, Inc.'s Motion to Confirm Judgment of Arbitrator and Enforce Settlement and Stay Distribution of Third Party Settlement Funds (Motion)[4] filed with the trial court. On March 26, 2013, the trial court granted the Motion and expressly ordered that "[t]he arbitration molded award of $60,000.00 is to be deposited with the Prothonotary **pending the resolution of the [WC] lien**." Trial Ct. Order (emphasis added).

Section 319 of the Act provides, in relevant part:

> **Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe**, his personal representative, his estate or his dependents, **against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe**, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

77 P.S. § 671 (emphasis added). "Moreover, a determination of whether an employer or its insurer is entitled to subrogation falls within the **exclusive jurisdiction of the [WC] authorities**. Common pleas courts lack jurisdiction to adjudicate the right of

---

[4] Liberty Mutual petitioned to intervene and join McGregor Industries, Inc. in the Motion.

subrogation." *Stout v. Workers' Comp. Appeal Bd. (Pennsbury Excavating, Inc.),* 948 A.2d 926, 931 (Pa. Cmwlth. 2008) (citation omitted; emphasis added).

Because the subrogation issue was within the WCJ's exclusive jurisdiction, the WCJ's order directing the Prothonotary to release the funds to Employer was harmless error,[5] especially here where Liberty Mutual had already filed a motion with the trial court for release of the funds based on the WCJ's decision.[6] Accordingly, the Board did not err in affirming the WCJ's decision granting Employer's Offset Petition.

_____
ANNE E. COVEY, Judge

Judge Cosgrove dissents.

---

[5] "[H]armless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt." *Commonwealth v. Noel,* 53 A.3d 848, 864 (Pa. Super. 2012) (quoting *Commonwealth v. Allshouse,* 36 A.3d 163, 182 (Pa. 2012)).

[6] The WCJ issued her order on July 17, 2015. Thereafter, on or about August 15, 2015, Liberty Mutual filed a Motion to Release Funds with the trial court, clearly recognizing the trial court's jurisdiction in this matter. By September 16, 2015 order, the trial court, acknowledging the WCJ's exclusive jurisdiction, denied the motion "without prejudice" stating: "[T]he said motion may be refiled upon exhaustion of any and all appeals of the July 30, 2015 [WCJ decision]." Trial Ct. September 16, 2015 Order.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Lewis,                                         :
                      Petitioner            :
                                      :
            v.                              :
                                        :
Workers' Compensation Appeal            :
Board (Fastrack Construction, Inc.),     :     No. 416 C.D. 2016
                    Respondent          :

## O R D E R

AND NOW, this 19th day of December, 2016, the Workers' Compensation Appeal Board's March 4, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge