491 A.2d 262

**Helen V. WILSON, Appellant**

v.

**Daniel S. JONES.**

Superior Court of Pennsylvania.

Argued September 18, 1984.

Filed March 22, 1985.

Petition for Allowance of Appeal Denied Sept. 16, 1985.

---

Arthur D. Weeks, York, for appellant.

Frank B. Boyle, York, for appellee.

Before WICKERSHAM, WATKINS and HESTER, JJ.

WICKERSHAM, Judge:

Helen Viola Wilson appeals from the order of the Court of Common Pleas of York County denying her motions for new trial and for additur.

Plaintiff-appellant Wilson brought this action against defendant-appellee Jones for injuries and damages she suffered as a result of a motor vehicle accident. Appellee

admitted liability for the accident; thus, the jury trial held on February 16–17, 1983 was limited to the issue of damages. The jury awarded appellant $10,000.00 for pain and suffering, $10,000.00 for past lost earnings, $7,200.00 for future lost earnings, and $1,183.12 for damages to her vehicle. The lower court then molded the verdict by deducting the $15,000.00 work loss threshold under the Pennsylvania No-fault Insurance Act [1] from $17,200.00, the total lost earnings awarded. This resulted in a $2,200.00 figure for wage loss and a total award of $13,383.12. Appellant filed motions for a new trial and for additur, which the lower court subsequently denied. This appeal followed.

Appellant presents the following issues for our consideration:

A. Whether the jury should have been advised by appellant's counsel and the trial court that the amount received by plaintiff for work loss benefits under the No-fault Motor Vehicle Insurance Act [was] to be deducted by the jury from any award it would make for lost earnings to the date of trial?

B. Whether appellant was entitled to recover past and future costs of patent medicines?

C. Whether the trial court should have instructed the jury that the mandatory retirement age was seventy (70) years?

D. Whether the verdict was adequate in light of the credible evidence?

E. Whether the trial court molded the verdict in accordance with the law?

F. Whether the witnesses to the accident should have been allowed to testify?

Brief for Appellant at 2.

After making an independent review of the record and studying the briefs of counsel, and having had the benefit of oral argument, we find that the opinion of the Honorable Joseph E. Erb adequately addresses appellant's issues B, C,

---

1. Act of July 19, 1974, P.L. 489, No. 176, art. II, § 202, 40 P.S. § 1009.202(b)(2).

D, and F. These issues are meritless and we need not discuss them further. We agree with appellant, however, that the trial court erred in molding the verdict. Thus, we will discuss appellant's issues A and E.

■ First, appellant argues that the jury, rather than the court, should have molded the verdict. That is, appellant proposes that the jury should have been informed about the amount of no-fault work loss benefits appellant had actually received and further, that the court should have instructed the jury to deduct that amount from its award for lost earnings incurred to the date of trial. While we agree that this method may be a viable alternative to that used in the instant case, we cannot say that the lower court erred in choosing to mold the verdict itself. In *Williams v. Dulaney,* 331 Pa.Super. 373, 480 A.2d 1080 (1984), the lower court "felt it was more appropriate for the court to reduce the jury award by that amount, rather than instruct the jury that they should do so, due to the confusion element." *Id.,* 331 Pa.Superior Ct. at 385 n. 11, 480 A.2d at 1087 n. 11. On appeal we refused to find fault with the lower court's decision to mold the verdict itself, rather than instruct the jury to do so.

In his opinion in the instant case, Judge Erb notes that he followed the procedure used by the lower court in *Williams v. Dulaney, supra* (96 York Legal Record 61 (1982)).[2] Thus, he too felt that it would be less confusing and more appropriate for the court to reduce the jury award by the amount of no-fault work loss benefits, rather than have the jury do it. As in *Williams v. Dulaney, supra,* we refuse to find that the lower court in the instant case erred in choosing to mold the verdict itself, rather than instructing the jury to do so.

■ Appellant further contends that the lower court erred in deducting $15,000.00 from the total wage loss award of $17,200.00 because (1) she had not received the

**2.** The trials in both the instant case and *Williams v. Dulaney* were held before the Court of Common Pleas of York County.

full $15,000.00 wage loss benefit available under the No-fault Act, and (2) the no-fault benefits should not have been set off against the total wage loss awarded, but rather, should have been deducted from past wage loss only. We agree with both contentions.

In *Williams v. Dulaney, supra,* we held that only the amount of wage loss for which the insured is compensated by her no-fault carrier should be deducted from the jury award. Unfortunately, in the instant case, there is no evidence of record indicating the amount of no-fault work loss benefits received by appellant.[3] Thus, we must remand to give the lower court the opportunity to determine the amount of no-fault wage loss benefits recovered by appellant.

 Appellant further argues that the no-fault benefits should not be deducted from the total amount awarded for wage loss. Instantly, the jury awarded appellant $10,-000.00 for "past lost earnings" and $7,200.00 for "future lost earnings." Clearly, any amount of wage loss benefits appellant received from her no-fault carrier can be deducted from the award for "past lost earnings." The issue in this case, however, is whether the no-fault benefits recovered by appellant can be set off against the $7,200.00 awarded for "future lost earnings." In *Williams v. Dulaney, supra,* this court discussed the difference between future wage loss and loss of future earning capacity. We found that "the No-Fault Act does not provide basic loss benefits for lost earning *capacity,* but only for recovery of wages actually lost." *Williams v. Dulaney, supra,* 331 Pa.Superior Ct. at 386, 480 A.2d at 1087.

Instantly, we must decide whether the award for "future lost earnings" represented damages for wages which would

---

**3.** We note that, in her motion for new trial, appellant states that she received only $11,412.26 in no-fault wage loss benefits. Since this figure was not entered into evidence, was not conceded to by appellee, and was not discussed by the lower court, we cannot accept it. *Cf. Lewis v. Pruitt,* 337 Pa.Super. 419, 487 A.2d 16 (1985).

actually be lost or for loss of future earning capacity. The term "future lost earnings" itself does not identify exactly what the jury intended to award to appellant. We believe, however, that the judge's instruction to the jury on this element of damages clarifies the nature and purpose of the award. Judge Erb first charged the jury as to non-economic damages. Next, he defined past lost earnings. Judge Erb then gave the following instruction:

> Also, in the future, if, by reason of this injury, she is unable to earn an amount that would have been greater than she is actually earning, again, you can give her the difference between what she is actually earning at the present time and what she would have earned but for the fact that she was injured. And, again, that is a matter that can be calculated in dollars and cents from the information as you find it to be factually.

N.T. at 88.

We interpret the foregoing to be an instruction as to loss of future earning capacity. Since this was the only instruction on this point of law, we must assume that the jury's award of $7,200.00 was to compensate appellant for loss of future earning capacity rather than for future wages actually lost. *Williams v. Dulaney, supra,* held that no-fault work loss benefits should not be deducted from an award for loss of earning capacity. Thus, the court erred in deducting $5,000.00 from the $7,200.00 award for "future lost earnings."

Thus, we remand to the lower court to determine the amount of no-fault wage loss benefits recovered by appellant. This amount should be deducted from the $10,000.00 award for "past lost earnings." There should be no further deduction from the $7,200.00 award for loss of future earning capacity.

Affirmed in part and reversed in part. Remanded to the lower court for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.