624 A.2d 680

**Leo CREIGHAN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MELLON STUART CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 27, 1992.

Decided April 7, 1993.

---

William S. Schweers, Jr., for petitioner.

Terry L.M. Baseline, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Leo Creighan (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which dismissed his appeal from a decision and order of the referee in a proceeding commenced by Claimant filing a petition to review a notice of compensation payable entered with his employer Mellon Stuart Corporation (Employer).

■ This appeal involves several issues which arise in the context of a workmen's compensation proceeding where a claimant, in addition to being entitled to compensation under The Pennsylvania Workmen's Compensation Act (Act)[1], asserts[2] a claim against a third party to recover damages for the work related injury. Before addressing the issues raised in Claimant's appeal to this Court, it is necessary to review the setting of cases where this scenario exists. When a claimant is entitled to compensation benefits and asserts a third party action based upon the work related injury, the two proceedings are separate and have no relation or impact upon one another unless and until the claimant receives an award or settlement in the third party action. When a claimant recovers an award or settlement in a third party action, there comes into play Section 319 of the Act, 77 P.S. § 671, which relates to an employer's subrogation right and a claimant's right to reimbursement of reasonable attorney's fees and costs.[3]

Typically, then, two separate issues must be dealt with when a claimant receives a third party recovery. First, it must be determined, based upon the claimant's net recovery in the third party action (gross recovery—fees and costs) what the grace period is for which the employer is entitled to a credit for compensation paid or payable. Secondly, the employer's share of the attorney's fees and costs incurred in obtaining the third party award or settlement must be deter-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.
2. The assertion of a third party claim does not affect a claimant's entitlement to compensation payments.
3. 77 P.S. § 671 provides in relevant part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effectuating a compromise settlement shall be prorated between the employer and the employe ... [t]he employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. . . .

mined. *See Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board (Maas),* 506 Pa. 592, 487 A.2d 794 (1985).

Having set forth the general issues involved when a claimant is entitled to compensation benefits and asserts a third party action based upon the same injury, we now turn to the proceedings before the referee and the Board which have led to Claimant's appeal to this Court.

■ On February 26, 1990, Claimant filed a petition to review a notice of compensation payable setting forth the following allegations:

On September 20, 1989 Referee Oliver issued an order in the above captioned case. To date, the carrier has incorrectly and erroneously calculated and paid attorney's fees to my counsel Geoffrey P. Wozman pursuant to said order and contrary to the Pennsylvania Workmen's Compensation Act, As Amended (sic), and has incorrectly and erroneously calculated and paid to me my indemnity benefits pursuant to said order and contrary to the Pennsylvania Workmen's Compensation Act, As Amended. Furthermore, interest was not paid to me or my counsel prior to April, 1988 and contrary to said order and the Pennsylvania Workmen's Compensation Act, As Amended (sic).

(R.R. 4.)

The referee, in its decision and order dated April 22, 1991, made the following relevant findings of fact:

3. This Referee's Decision of September 20, 1989 awarded claimant compensation benefits at the rate of $347.00 per week and 20% counsel fees commencing on August 5, 1986. This Referee then found that claimant had received a third-party settlement in the amount of $65,-000.00 for injuries suffered as a result of his work injury and that employer was entitled to a credit based upon that settlement.

4. Defendant made its initial payment on January 4, 1990, paying claimant $25,531.77 and his attorney $6,953.89 for

the period from April 1, 1988 through January 4, 1990 only.

5.  Claimant settled his third-party claim for $65,000. Attorney's fees and expenses amounted to $35,000 leaving claimant a net amount of $30,000.00.

6.  Defendant took a permitted grace period of 86.5 weeks from the date of the injury, August 5, 1986, until March 31, 1988 for the full weekly amount of $347.00 as a credit for the $30,000.00 net proceeds from the third-party settlement. The grace period was determined by dividing the $30,000.00 net recovery by the $347.00 weekly compensation rate.

7.  No attorney's fees were paid to claimant's counsel[4] during the grace period.

(Footnote added.)   (R.R. 5.)

The referee then entered the following order:

And now, this 22th day of April, 1991, it is hereby Ordered and Directed that defendant pay claimant interest at the rate of 10% per annum for the period August 5, 1986 through March 31, 1988. Defendant is further directed to pay claimant's counsel a fee of 20% of the outstanding interest amount chargeable to claimant's share. Claimant's request for penalties is denied.

(R.R. 6.)

Following the referee's order, Claimant appealed to the Board. In his appeal, Claimant only raised the following issue[5]:

Reimbursement of fees and costs incurred in the third party action pursuant to Section 319 were not calculated. Claimant is entitled to reimbursement of that portion of his 35,000.00 expense that the compensation that he received to date of the settlement bears to the total recovery of $65,-000.00....

(R.R. 7.)

---

[4]  We note that the referee's reference here is to Claimant's counsel in the compensation matter.

[5]  Claimant neither referred to nor appealed from any other part of the referee's April 22, 1991 order.

The Board, in a decision and order dated May 22, 1992, dismissed Claimant's appeal and affirmed the decision of the referee.[6] Claimant has now raised this same issue concerning reimbursement for attorney's fees and costs incurred in his third party action in his appeal to this Court. We, however, cannot address the issue raised by Claimant in this appeal as Claimant, in his petition to review, failed to raise the issue of reimbursement of attorney's fees and costs incurred by him in his third party action; Claimant raised the reimbursement issue for the first time in his appeal to the Board. It is well settled that issues not raised below are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); *Fatzinger v. City of Allentown,* 140 Pa.Commonwealth Ct. 62, 591 A.2d 369, *appeal denied,* 529 Pa. 653, 602 A.2d 862 (1991).

Here, it is clear that the only questions raised in Claimant's petition to review related to Employer's miscalculation in payment to Claimant's attorney in the *compensation* claim, and, Employer's miscalculation in payment to Claimant of benefits. Nowhere in the petition to review did Claimant raise the issue of his reimbursement of attorney's fees and costs incurred by him in his third party action. Further, the referee disposed of the issues raised in Claimant's petition to review in the April 22, 1991 order wherein he ordered Employer to pay Claimant interest for the calculated grace period and additionally directed Employer to pay Claimant's *compensation* counsel a fee of 20% of the outstanding interest amount payable to Claimant. Claimant's appeal to the Board from this order did not embrace any of the issues raised in his petition to review and finally disposed of by the referee.

Accordingly, we affirm the dismissal of Claimant's appeal by the Board.

**6.** The Board did not address the issue raised by Claimant on appeal, but instead, addressed the correctness of the calculation of the grace period which was neither before the referee or the Board. We will affirm the Board's dismissal of Claimant's appeal but not for the reasons set forth by the Board. It has long been recognized that a reviewing court may affirm an order if the order is correct for any reason, regardless of the reasons given by the tribunal whose order is under review. *Department of Public Welfare v. Dauphin County, Etc.,* 90 Pa.Commonwealth Ct. 295, 495 A.2d 214 (1985).

## ORDER

AND NOW, this 7th day of April, 1993, the order of the Worker's Compensation Appeal Board dated May 22, 1992 dismissing the appeal of Leo Creighan is affirmed.