682 A.2d 1305

**Michele L. SCHROEDER and John Schroeder, W/H Appellees,**

v.

**Richard D. SCHRADER, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1996.

Filed Aug. 28, 1996.

Michael Zicollello, Williamsport, for appellant.

Kathleen L. Daerr–Bannon, Philadelphia, for appellees.

Before POPOVICH, SAYLOR and EAKIN, JJ.

EAKIN, Judge:

Richard Schrader appeals from the June 9, 1995 order granting the post-trial motion filed by appellees Michele and John Schroeder. The order reinstated the jury verdict of $43,500 for future loss of earnings, with the jury verdict of $13,000 for past and future noneconomic damage. Judgment was duly entered June 19, 1996, and upon careful review of the issues raised by appellant, we now reverse.

On September 26, 1992, appellee Michele Schroeder was injured in a vehicle collision in Shamokin Dam, Snyder County. As she was in the course of her employment at the time, appellee began receiving weekly workers' compensation benefits of $227.50 on October 22, 1992.

She sued appellant, the driver of the other car. Prior to trial, the court ruled that any award in favor of appellee would be reduced by amounts paid or payable to appellee by her insurance and workers' compensation. The court based its ruling on section 1722 of the Motor Vehicle Financial Responsibility Law ("MVFRL") as it existed on the date of the incident, September 26, 1992. That section, along with section

1720, was modified, in 1993 as part of various reforms of the Workers' Compensation Act.

Appellant stipulated to negligence and the case proceeded to trial, which commenced on March 21, 1995. The jury returned a verdict in favor of appellees, and awarded her past lost earnings of $33,500.00, future lost earnings of $43,500.00 (based on a three year period of disability), and $13,000.00 for pain and suffering.[1] Consistent with its pre-trial ruling, the court molded the award to reflect amounts paid to appellee from other sources; specifically, he reduced the award for past lost earnings to zero, and molded the award for future lost earnings to $8,010.00.

Appellees filed a motion for post-trial relief challenging the court's interpretation of section 1722 and the molding of the award for future lost earnings ($8,010.00). The trial court granted the motion, concluding that at the time the complaint was filed, plaintiffs were no longer precluded from recovering benefits payable in the future under workers' compensation; the court reversed itself as to the molded future lost earnings award, and reinstated the jury's verdict of $43,500.00. This appeal followed.

Appellant raises the following issues on appeal:

1. Whether the trial court erred in holding that 75 Pa.C.S.A. § 1722, as amended by Act 44 of 1993, applies to cases arising from motor vehicle accidents occurring prior to the amended statute's effective date of August 31, 1993?

2. Whether the version of 75 Pa.C.S. § 1722 in effect at the time of the motor vehicle accident, September 26, 1992, precluded Plaintiff Michele Schroeder from recovering amounts payable to her in the future in the form of workers' compensation disability benefits?

Appellant's Brief at 3.

We initially note that our standard of review is plenary, as we are reviewing a question of law. *Phillips v. A–Best*

---

1. The jury did not award damages to John Schroeder for his loss of consortium claim.

*Products Company,* 542 Pa. 124, 130, 665 A.2d 1167, 1170 (1995).

At the time the accident occurred, on September 26, 1992, section 1720 of the MVFRL provided:

> In actions arising out of the maintenance or use of a motor vehicle, *there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits,* benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits.

75 Pa.C.S. § 1720 (emphasis added). On that date, section 1722 of the MVFRL provided:

> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, *a person who is eligible to receive benefits under* the coverages set forth in this subchapter, or *workers' compensation,* or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) *shall be precluded from recovering the amount of benefits paid or payable under* this subchapter, or *workers' compensation,* or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 Pa.C.S. § 1722 (emphasis added). Effective August 31, 1993, revisions to the Workers' Compensation Act repealed sections 1720 and 1722 to the extent that they relate to workers' compensation payments or other benefits under that Act.[2]

Thus, before the amendment, a claimant could not recover amounts paid or payable under workers' compensation and, balanced against that provision, a workers' compensation car-

---

2. Section 25(b) of the Act of July 2, 1993, P.L. 190, No. 44.

rier had no right of subrogation for workers' compensation benefits. By contrast, after the 1993 amendments, a plaintiff's recovery is not reduced by the amount of workers' compensation benefits, and the workers' compensation carrier has the right of subrogation for any benefits paid in connection with the action.

■ In this case, the accident occurred on September 26, 1992. Sections 1720 and 1722 were amended effective August 31, 1993. The complaint was filed March 29, 1994. Thus, when the cause of action arose, appellee was not entitled to recover amounts paid or payable under workers' compensation and, correlatively, her employer's workers' compensation carrier had no right of subrogation. When the complaint was filed, however, the law had been changed to allow both recovery and subrogation. The question is: which versions of 1720 and 1722 are applicable to this case?

In *Byard F. Brogan, Inc. v. W.C.A.B. (Morrissey)*, 161 Pa.Commw. 453, 637 A.2d 689 (1994), the Commonwealth Court held that the 1993 amendment of section 1720 does not apply to cases where the injury occurred prior to the effective date of the amendment, since it is a provision dealing with substantive rights and may not be applied retroactively. *Brogan* makes it clear that the workers' compensation carrier has no right of subrogation. That is, as a substantive change, the amendment cannot apply to change rights as they existed on the date of the accident.

But what, then is the effect of amended section 1722? The trial court determined that, unlike section 1720, section 1722 is procedural in nature, and thus, it should be applied as it exists at time of trial, even where the cause of action arose before the date of amendment. The trial court's decision, in light of *Brogan*, creates a window of opportunity for appellee to receive a double recovery; she was allowed to recover again for damages already paid to her, with no obligation to subrogate the original payor. Appellant urges this court to reject such a construction as a violation of the legislature's intent to

prevent double recovery for injuries also compensable under workers' compensation.

A statute is generally applied prospectively. *Sanders v. Loomis Armored, Inc.*, 418 Pa.Super. 375, 379, 614 A.2d 320, 322 (1992), *alloc. denied*, 535 Pa. 661, 634 A.2d 224 (1993). "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926. Although amendments involving procedural matters may be applied to cases filed after their effective date, substantive rights are governed by the law which is in effect at the time the cause of action arises. *Stroback v. Camaioni*, 449 Pa.Super. 395, 400–01, 674 A.2d 257, 260 (1996). The distinction between procedural and substantive matters can be elusive; we are generally guided by the following principles:

A law is only retroactive in its application when it relates back and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired. Only where no substantive right or contractual obligation is involved may a subsequently enacted statute be applied to a condition existing on its effective date where the condition results from events occurring prior to the effective date of the statute. A newly enacted law may be applied retroactively if it impairs no contract and disturbs no vested right, but only varies remedies, cures defects in proceedings otherwise fair, and does not vary existing obligations contrary to their situation when originally undertaken. Moreover, amendatory statutes are not to be construed as retroactive unless such a construction is so clear as to preclude all question as to the intention of the legislature. This rule of statutory construction is particularly applicable when the legislation in question interferes with existing contractual obligations or antecedent rights.

*Id.* at 401, 674 A.2d at 260–61 (citations omitted).

The *Brogan* court recognized the distinction between procedural matters and substantive law when it concluded that section 1720 may not be construed retroactively. The Commonwealth Court has recognized that an employers' right to

subrogation is a substantive right which cannot be altered by retroactive application of subsequent legislation. *Fulmer v. Commonwealth of Pennsylvania, Pennsylvania State Police,* 167 Pa.Commw. 60, 62–66 n. 3, 647 A.2d 616, 618–19 n. 3 (1994); *Brogan,* 161 Pa.Commw. at 463, 637 A.2d at 694.

We also note the principle of statutory construction which disfavors extending liability:

> A statute creating a new liability or *increasing an existing liability,* or even a remedial statute giving a remedy against a person who would not otherwise be liable, *must be strictly construed in favor of persons sought to be subjected to their operation.* Such statutes will not be so extended as to include liabilities other than those designated or fairly within their terms. However, the rule of strict construction does not authorize the court to thwart, by a narrow construction, a clear legislative intent to impose a new liability.

*Goebert v. Ondek,* 384 Pa.Super. 100, 103–04, 557 A.2d 1064, 1066 (1989) (emphasis added).

Applying the foregoing principles to this case, we see there is no indication that the legislature intended a retroactive application of sections 1720 and 1722, and neither party advances such an argument. Therefore, the amended version of section 1722 must be construed prospectively unless it is determined to involve only matters of procedure. The trial court determined that application of the 1993 amended version of section 1722 was procedural in nature because it would affect only damages. While this may be a correct observation, we fail to discern a significant difference between a workers' compensation carrier's right of subrogation, a substantive right according to the Commonwealth Court, and a defendant's rights and obligations regarding damages it must pay under a plaintiff's verdict. That is, to the appellee, it may seem a matter of mere procedure to determine from which pocket she will be paid for her damages. It is not merely procedural to the owners of those pockets. To the appellant, the amendments create an obligation to pay certain matters which he had no pre-amendment obligation to pay; that is no

less substantive than is the obligation of appellee to repay her employer, the issue decided in *Brogan.*

Each party is affected by the damages it is ultimately responsible to pay, and each party has a vested right or interest under the MVFRL, which controls its obligation to the claimant. Thus, in the instant case, each party's rights and obligations regarding the ultimate source of damages are fixed at the time the cause of action accrued, i.e., pre-amendment. Just as *Brogan* holds that appellee need not repay her employer amounts received, we hold that appellant need not pay them to her. His substantive obligations were fixed on the date of the collision, and expanding them is more than simply a procedural adjustment. Our conclusion regarding section 1722 is consistent with the Commonwealth Court's determination regarding section 1720: the amended 1993 versions of neither section 1720 nor 1722 apply to this case.

A contrary conclusion would defeat the legislative intent underlying sections 1720 and 1722. Both this court and our Supreme Court have expressly acknowledged the interplay between sections 1720 and 1722, and commented that the 1993 amendments "reaffirm[ed] the principle that an employee may not seek double recovery for a work-related injury." *Ducjai v. Dennis,* 540 Pa. 103, 112, 656 A.2d 102, 106 (1995) (affirming and quoting the Superior Court's opinion in *Ducjai v. Dennis,* 431 Pa.Super. 366, 379, 636 A.2d 1130, 1137 (1994)). *See also Davish v. Gidley,* 417 Pa.Super. 145, 611 A.2d 1307 (1992) (both the majority and dissenting opinions emphasize Pennsylvania's policy of limiting an injured employee to a single recovery through the interplay between sections 1720 and 1722).

Compare *Palmosina v. Laidlaw Transit Co., Inc.,* 445 Pa.Super. 121, 664 A.2d 1038 (1995), where this court, construing sections 1722 and 1720, permitted double recovery by an injured employee because of a (presumably inadvertent) legislative omission in a prior amendment. We note that the 1993 amendments contain no such omission; both 1720 and 1722 were modified at the same time and, clearly, were intended to

operate together and give effect to the other's terms in precluding a double recovery.

Once we determine that the pre-amendment version of section 1722 applies to this case, we must then address appellant's contention that this precludes recovery of workers' compensation benefits *payable in the future* to appellee Michelle Schroeder. In her post-trial motion, appellee had argued that her award for future lost earnings is not reduced by section 1722, asserting that the award was actually for loss of future earning capacity, not loss of future wages, that insufficient proof of her workers' compensation benefits was offered at trial, and that molding of an award for future economic losses is speculative. The trial court did not address this issue in its opinion granting the post-trial motion, as it granted the motion on alternate grounds.

■ Appellee contends that the pre-amendment version of section 1722 does not preclude her recovery of future loss of earnings and earning capacity. To support this contention, appellee relies on three cases decided under the No–Fault Act, which makes a distinction between loss of earning capacity and actual lost income. *See Wilson v. Jones*, 341 Pa.Super. 280, 491 A.2d 262 (1985) (based on judge's instructions to the jury on loss of future earning capacity, an award for future lost earnings was not intended to compensate for future wages actually lost); *(Lewis v. Pruitt*, 337 Pa.Super. 419, 487 A.2d 16 (1985) (trial court erred in molding the verdict by deducting an amount representing possible wage loss benefits collectible from her no-fault carrier); *Williams v. Dulaney*, 331 Pa.Super. 373, 480 A.2d 1080 (1984) (the No–Fault Act provides for basic loss benefits for recovery of wages actually lost, but not for lost earning capacity).

■ Appellee's reliance on these cases is misplaced, as these decisions were based on the language of the repealed No–Fault Act, not the MVFRL. It is the MVFRL, along with the Workers' Compensation Act, which controls the disposition of this case. Our review of the record shows that the trial judge's instructions to the jury made no distinction between

loss of future earning capacity and future lost wages. Moreover, we can discern no such distinction in the reports of appellee's expert economist, Dr. Andrew Verzilli. For purposes of workers' compensation benefits, we note that the term "disability" is synonymous with a loss of earning power. *Banic v. W.C.A.B. (Trans–Bridge Lines, Inc.)*, 664 A.2d 1081, 1084 (Pa.Commw.1995). Appellee submits no controlling or persuasive authority to support a distinction between future lost wages and loss of future earnings capacity.

The plain language of section 1722 precludes recovery of benefits "paid or *payable*" under workers' compensation, a term we must construe according to its plain meaning. 1 Pa.C.S. § 1903(a); *Sanders*, 418 Pa.Super. at 379, 614 A.2d at 322. While not defined in the Workers' Compensation Act, the word "payable" is generally defined as "[c]apable of being paid; suitable to be paid; admitting or demanding payment; justly due; legally enforceable." *Black's Law Dictionary* 1016 (5th ed. 1979). Absent a statutory or judicial definition to the contrary, the word "payable" plainly refers to a claimant's entitlement to future payments, until such time as the payments are modified or terminated. *See* 77 P.S. § 772.

■ Further, we are not persuaded by appellee's argument that molding the award for future lost earnings is speculative. She first argues that at trial insufficient evidence was presented of the workers' compensation payments she has received and will receive in the future. Plaintiff's Exhibit 35 (Notice of Compensation Payable), indicates that weekly benefits of $227.50 were payable effective October 22, 1992. The record reflects no actual adjudication of her entitlement to workers' compensation benefits. The plaintiff in *Ducjai* advanced the argument that although she was receiving workers' compensation benefits, she was also entitled to seek traditional negligence damages in addition to workers' compensation benefits because her injuries were never formally adjudicated as work-related by a workers' compensation referee. Our Supreme Court rejected this argument as "frivolous." *Ducjai*, 540 Pa. at 106 n. 2, 656 A.2d at 103 n. 2. Appellee's argument in this case is similarly meritless.

According to the Notice of Compensation Payable, appellee will receive weekly benefits of $227.50 until such time as those payments are modified or terminated. Based on a three year period of disability as determined by the jury, we see nothing speculative about the molding of the verdict by the court for those amounts "payable."

For the foregoing reasons, we conclude that the version of section 1722 in effect on September 26, 1992, the date of appellee's accident, controls the disposition of this case and applies to the jury's award for future lost earnings. Accordingly, the trial court erred as a matter of law when it reinstated the award of $43,500.00 for future lost earnings.

The trial court's order of June 9, 1995 is reversed to the extent that it reinstated the jury's award of $43,500.00 for future loss of earnings. Consistent with this opinion, the trial court is ordered to reinstate the molded award of $8,010.00. Jurisdiction relinquished.