### DePAUL CONCRETE, Petitioner,

v.

### WORKERS' COMPENSATION APPEAL BOARD (WHITE), Respondent.

Commonwealth Court of Pennsylvania.

Argued May 19, 1999.
Decided July 19, 1999.

---

Jonathan F. Ball, Philadelphia, for petitioner.

Andrew S. Blau, Feasterville, for respondent.

Before COLINS, President Judge, and DOYLE, J., SMITH, J., PELLEGRINI, J., FRIEDMAN, J., FLAHERTY, J., and LEADBETTER, J.

SMITH, Judge.

The ultimate question posed by DePaul Concrete (DePaul) for resolution by the Court is when does an employer's cause of action in the nature of a claim for subrogation arise in order to determine which version of Section 1720 of the Motor Vehicle Financial Responsibility Law (MVFRL), *as amended,* 75 Pa.C.S. § 1720, controls the outcome of this appeal. Section 1720 governs the allocation of proceeds of a third-party tort recovery and the subrogation rights of an employer or its workers' compensation carrier with regard to such recovery in actions arising out of the maintenance or use of a motor vehicle. DePaul petitions the Court for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ) decision to deny DePaul's modification petition because a third-party settlement received by its employee Walter White (White) for his February 27, 1991 work-related injuries was not subject to subrogation.

At the time of White's injury, Section 1720 of the MVFRL precluded an employer from asserting a right to subrogation against a claimant's recovery in a third-party tort action when the action arose out of the maintenance or use of a motor vehicle. DePaul questions whether the Board erred as a matter of law in denying its claim for subrogation where White's third-party recovery was obtained after Section 1720 of the MVFRL was amended to no longer bar claims for subrogation otherwise allowed under Section 319 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671. DePaul also questions whether White may realize a double recovery by unilaterally characterizing his third-party recovery as having been made under constraints of the version of Section 1722 of the MVFRL, *as amended,* 75 Pa.C.S. § 1722, in effect at the time of White's injury in February 1991. Section 1722 was originally amended in 1990 to preclude claimants in third-party tort actions arising out of the maintenance or use of a motor vehicle from pleading, proving and recovering damages based upon workers' compensation medical and wage loss bene-

fits paid or payable under the Workers' Compensation Act.

White sustained injuries in a motor vehicle accident in February 1991 while driving a cement truck in the course and scope of his employment with DePaul. White's injuries occurred when his truck collided with a Southeastern Pennsylvania Transportation Authority (SEPTA) vehicle that had run a stop sign. In June 1992, White filed a third-party suit against SEPTA for his personal injuries resulting from the negligence of SEPTA and/or its agents. White sustained cervical and lumbar injuries that required him to undergo lumbar spine surgery on July 14, 1992, and he received temporary total disability benefits until June 7, 1993, when he returned to full-time modified employment as an assistant security guard with partial disability benefits payable until January 4, 1994. In February 1994, the WCJ approved a commutation agreement between the parties that resulted in a $125,000 lump-sum payment to White. The negligence lawsuit was resolved in July 1996 when the parties agreed upon a $150,000 settlement.

DePaul thereafter filed its modification petition seeking a net subrogation lien of $79,650 against White's settlement on account of workers' compensation benefits paid to him on and after August 31, 1993. The WCJ determined that DePaul failed to establish that Section 25(b) of the Act of July 2, 1993, P.L. 190 (Act 44), which amended Sections 1720 and 1722 of the MVFRL, applied to its subrogation claim, where the date of White's injury was prior to the August 31, 1993 effective date of Act 44 and the date of the third-party recovery was subsequent to the effective date. The WCJ also determined that White's rights were fixed at the time of the accident on February 27, 1991 and that the pre-August 1993 version of Section 1720 of the

MVFRL controlled the outcome of this case. The Board affirmed the WCJ.[1]

### I.

DePaul contends that its subrogation right did not vest or accrue until July 1996 when White received the third-party tort recovery and that a proper prospective application of Section 1720 of the MVFRL permits subrogation in this case. At the time of White's injury, Section 1720 provided in part: *"In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits...."* (Emphasis added.) Effective August 31, 1993, Section 25(b) of Act 44 repealed provisions of Section 1720 that precluded subrogation on account of workers' compensation benefits paid under the Workers' Compensation Act. The repealer restored the right of an employer or its carrier to subrogation for workers' compensation payments pursuant to Section 319 of the Act. That section provides in pertinent part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer....

Section 25(b) of Act 44 also repealed provisions of Section 1722 of the MVFRL, previously amended in 1990 to preclude a claimant's recovery in third-party tort actions of any workers' compensation benefits paid or payable under the Workers' Compensation Act. Section 1722 provides that:

> In any action for damages against a tortfeasor, or in any uninsured or under-

---

1. The Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1998).

insured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

The legislature concurrently repealed Sections 1720 and 1722 as they relate to workers' compensation benefits so that they may operate together. *See Byard F. Brogan, Inc. v. Workmen's Compensation Appeal Board (Morrissey)*, 161 Pa.Cmwlth. 453, 637 A.2d 689 (1994); *Palmosina v. Laidlaw Transit Co., Inc.*, 445 Pa.Super. 121, 664 A.2d 1038 (1995).

DePaul contends that the Board erred as a matter of law in holding that it was not entitled to subrogation of the workers' compensation benefits that it paid to White on and after August 31, 1993. DePaul also contends that the issue before the Court does not involve the retroactive application of Section 1720 of the MVRFL in derogation of White's vested substantive rights; rather it involves DePaul's substantive right to subrogation. Quoting from *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978), DePaul urges this Court to be guided by the principle that when substantive rights are involved, "the applicable law must be that which is in effect at the time the cause of action arises." Therefore, if DePaul's cause of action in the nature of a claim for subroga-

tion arose or accrued on or after August 31, 1993, this Court must hold that it is entitled to subrogation under the post-August 1993 version of Section 1720.[2]

The Supreme Court found in *Bell* that the fact that suit was filed after a February 1975 amendment to the Workers' Compensation Act conferring employer immunity in third-party actions was of no consequence because any liability on the employer's part for contribution or indemnity was based upon its negligent acts before the amendment. The court held that the employee's rights to joinder of the employer were substantive and that the law in effect on the date of the employee's injuries, which occurred two days before the amendment, controlled the outcome. This Court applied the holding of *Bell* in *Brogan* where it held that the 1993 amendment to Section 1720 did not apply to the claimant's third-party tort action where his injury occurred prior to the effective date of the amendment inasmuch as the provision dealt with substantive rights and could not be applied retroactively to change rights that existed on the date of the accident.

Citing *Brogan* and *Stroback v. Camaioni*, 449 Pa.Super. 395, 674 A.2d 257 (1996), among other cases, the Superior Court in *Schroeder v. Schrader*, 453 Pa.Super. 59, 682 A.2d 1305 (1996), acknowledged the settled principle that the 1993 amendment to Section 1720 of the MVFRL did not apply to cases where the injury occurred prior to the effective date of the amendment, but it noted that the effect of Section 1722 was not as clearly established. After discussing the interplay between Sections 1720 and 1722 and legislative intent, the court determined

**2.** DePaul presumes that no subrogation claim may accrue or exist unless certain conditions precedent occur pursuant to Section 319 of the Workers' Compensation Act. Those conditions include the occurrence of a compensable injury caused by a third party; payment of workers' compensation benefits due to the injury sustained and a third-party recovery. Under DePaul's analysis, when these condi-

tions are satisfied an employer's cause of action for subrogation accrues or vests, and in this case because the conditions precedent were not satisfied until on or after August 31, 1993, its cause of action accrued on or after that date. Unfortunately, the Court cannot agree with DePaul's analysis, and it has ascertained no case authority to support DePaul's presumption.

that Section 1722 must be construed prospectively and thus held that the version "in effect on September 26, 1992, the date of appellee's accident, controls the disposition of this case and applies to the jury's award for future lost earnings." *Id.*, 453 Pa.Super. at 70, 682 A.2d at 1310. Although DePaul considers *Schroeder* to be distinguishable and of no consequence because it involved the application of Section 1722, this Court finds the Superior Court's reasoning to be persuasive and consistent with the rationale of those cases relied upon by this Court in resolving the question presented in this appeal.[3]

DePaul nevertheless argues that the Supreme Court's decision in *Pennsylvania Manufacturers' Assoc. Ins. Co. v. Wolfe*, 534 Pa. 68, 626 A.2d 522 (1993), and this Court's decision in *Creighan v. Workmen's Compensation Appeal Board (Mellon Stuart Corp.)*, 154 Pa.Cmwlth. 620, 624 A.2d 680 (1993), strongly suggest that the controlling date for determining when its cause of action arose is the date of White's third-party recovery in July 1996. DePaul relies in part upon language in *Wolfe* to the effect that the employer or carrier "is not entitled to any subrogation until the injured employee has the 'right' to and receives such compensation." *Id.*, 534 Pa. at 74, 626 A.2d at 525. DePaul also relies upon language in *Bible v. Department of Labor and Industry*, 548 Pa. 247, 696 A.2d 1149 (1997), where the Supreme Court noted an earlier observation that newly enacted legislation may be retroactively applied where it does not impair a claimant's right to receive compensation but merely changes the claimant's remedy.

In *Wolfe* the Supreme Court stated that the central issue in the case must be resolved on subrogation principles consistent with fairness and equity. The case merely

involved who gets first priority among the workers' compensation carrier, the claimant and the claimant's attorney to payment in a structured settlement of a third-party tort action. The court decided that the initial lump-sum payment was payable to the claimant's attorney as his fee and that in determining whether the claimant even had a "right" to any third-party payment, the court had to initially deduct reasonable attorney fees and expenses incurred to obtain the award or to effect a settlement. The court's decision does not validate DePaul's position that its subrogation cause of action accrued when White received his third-party settlement.

Furthermore, in *Creighan* the Court simply noted that Section 319 of the Workers' Compensation Act comes into play when a claimant recovers an award or settlement in a third-party action and subrogation rights and reimbursement for reasonable attorney fees and costs become an issue. In *Bible*, also distinguishable, the amended legislation governing the specific loss schedule for loss of hearing claims contained a specific legislative directive that it was to be applied retroactively. Another case submitted by DePaul, *Gokalp v. Pennsylvania Manufacturers' Assoc. Ins. Co.*, 553 Pa. 452, 719 A.2d 1033 (1998), purportedly presents an identical situation. However, the case has no precedential value as it was decided by an evenly divided Supreme Court, which affirmed the decision that a workers' compensation carrier was not entitled to subrogation from third-party settlement proceeds because the accident occurred when the employer had no subrogation right. Accordingly, the Court discerns no case authority to support DePaul's position that White's July 1996 third-party recovery represents the controlling date for ac-

---

**3.** *See Stroback* (plaintiff's right to recover medical expenses was vested substantive right that accrued on the date of injury and could not be modified or altered by subsequent changes in the law); *Palmosina* (Section 1722 provisions in effect prior to 1990 did not preclude plaintiff from pleading and proving

amounts paid or payable for workers' compensation and did not preclude plaintiff from effecting a double recovery; Sections 1720 and 1722 were read in tandem even though Section 1720 barred employer subrogation claims, and both sections were amended simultaneously in 1993 to operate together).

crual of DePaul's cause of action for subrogation or that the issue before the Court does not involve the retroactive application of an amended statute in derogation of White's vested substantive rights.

## II.

DePaul's final argument challenges White's purported shield of his third-party recovery from subrogation by his unilateral characterization that the recovery is controlled by the version of Section 1722 of the MVFRL in effect at the time of White's injury. DePaul cites *Darr Construction Co. v. Workmen's Compensation Appeal Board (Walker)*, 552 Pa. 400, 715 A.2d 1075 (1998), for the proposition that White and SEPTA should have specified which version of Section 1722 applied to White's third-party settlement to shield it from subrogation. The version of Section 1722 in effect prior to 1990 permitted a claimant in a tort action to plead, prove and recover from the tortfeasor amounts paid or payable for workers' compensation. The later version, applicable to White's action, precluded a claimant from recovering amounts for workers' compensation paid or payable. Nevertheless, DePaul persists that without an agreement between the parties as to which version applies, White could improperly maximize his recovery to realize a windfall by recovering workers' compensation benefits paid or payable to him in violation of Section 1722 while at the same time insisting that DePaul is not entitled to subrogation.

It is apparent that DePaul misinterprets the holding in *Darr.* The Supreme Court held there that a spouse's loss of consortium claim is independent of the claimant's rights and that such claims therefore fall outside the penumbra of Section 319 of the Workers' Compensation Act. That case simply involved the application of longstanding Pennsylvania case law that a spouse's loss of consortium claim is a separate and distinct claim against which the employer could assert no independent claim for subrogation. For that reason

the Court finds no basis to analogize *Darr* to the present case. The Court similarly finds no merit to DePaul's argument that White and SEPTA should have agreed upon the applicable version of Section 1722 of the MVFRL. The provision in effect at the time of White's injury plainly precluded him from recovering any workers' compensation benefits paid or payable by the carrier, and nothing in the record substantiates DePaul's claim that White improperly maximized his recovery to realize a windfall.

In conclusion DePaul states that the fundamental precepts articulated in the United States Supreme Court's decision in *American Manufacturers Mutual Ins. Co. v. Sullivan*, — U.S. ——, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999), apply equally to this case. The Supreme Court held that workers' compensation carriers may withhold payment for a claimant's medical treatment during the utilization review process because the right to payment does not accrue until the treatment sought is determined to be reasonable and necessary. According to DePaul, since the *Sullivan* claimants' right to payment of their medical bills would not vest until the medical treatment was determined to be reasonable and necessary, DePaul's rights to subrogation similarly did not vest until White obtained his third-party recovery in July 1996. The court rejects DePaul's *Sullivan* analogy as well because the case did not pertain to subrogation rights or interests nor did it pertain to the interpretation of the statutes before the Court in the present matter.

After examining case precedent and relevant statutory provisions, the Court concludes that DePaul's subrogation cause of action accrued on the date of White's injury in February 1991 as opposed to the date of his third-party recovery in July 1996 and that the law in effect on the date of White's injury controls the disposition of this appeal. The pre-August 1993 version of Section 1720 of the MVFRL in effect at that time precluded an employer or its

carrier from asserting a right of subrogation or reimbursement from a claimant's recovery in a third-party tort action arising out of the maintenance or use of a motor vehicle. Accordingly, DePaul has no right to subrogation under Section 319 of the Workers' Compensation Act. The Court holds that the Board did not err in this matter and that its order must therefore be affirmed.

### O R D E R

AND NOW, this 19th day of July, 1999, the order of the Workers' Compensation Appeal Board is affirmed.