Steven CHRZAN, Petitioner,

v.

## WORKERS' COMPENSATION APPEAL BOARD (ALLIED CORPORATION), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 1, 2001.

Decided Aug. 9, 2002.

Reconsideration/Reargument Denied Sept. 16, 2002.

---

Robert J. Murphy, Philadelphia, for petitioner.

Neil T. Dombrowski, Philadelphia, for respondent.

Before DOYLE, Senior Judge,[1] SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge DOYLE.

Steven Chrzan (Claimant) has petitioned this Court for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed in part and reversed in part the order of a Workers' Compensation Judge (WCJ) granting the Review Petition of Allied Corporation (Employer), which sought review of an earlier decision by WCJ[2] Irvin Stander granting Claimant's petition for penalties and counsel fees based on Employer's violation of the Act and the unreasonable contest of Claimant's underlying workers' compensation claim.

This matter has a long and laborious procedural history that can be summarized as follows. Claimant was employed by Employer from 1954 until 1987. During that time he was exposed to asbestos and developed asbestosis. In March of 1987, Claimant filed a claim petition, which Employer contested. Claimant then sought penalties and attorney fees. In an amended decision and order, circulated November 8, 1991, WCJ Stander determined that Employer unjustifiably delayed payment of benefits, and, pursuant to Section 435 of the Act, 77 P.S. § 991, assessed a penalty against Employer in the amount of "20% of all compensation due and payable on claimant's petition...." (WCJ Decision, November 8, 1991, Finding of Fact No. 19, at 3). WCJ Stander also determined that Employer's contest was unreasonable and, pursuant to Section 440 of the Act, 77 P.S. § 996, awarded Claimant counsel fees to be "assessed at 20% of all compensation due and payable." (WCJ Decision, 11/8/91, Finding of Fact No. 21, at 3).

---

1. This case was assigned prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

2. At the time of WCJ Stander's decision, WCJs were known as "referees." Pursuant to the 1993 amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626, the nomenclature changed, but, for purposes of ease and consistency, we will use the term "WCJ" whether referring to proceedings that occurred before or after the effective date of the 1993 amendments.

Employer appealed; the Board affirmed; Employer then appealed to our Court. Addressing Employer's contention that the WCJ erred in awarding penalties and attorney fees, we held that the WCJ committed no error of law or abuse of discretion in determining that Employer's delay and contest were unreasonable and that the assessment of penalties against Employer and award of attorney fees to Claimant was proper.[3] The order of the Board was affirmed. *See Allied Corporation v. Workmen's Compensation Appeal Board (Chrzan)* (No. 268 C.D. 1993, filed August 12, 1993), (*Chrzan I* ).[4]

On November 8, 1993, following our decision in *Chrzan I*, Employer filed a Review Petition seeking a clarification of WCJ Stander's November 8, 1991, order regarding the penalties and attorney fee payments, asserting that such payments were not meant to be ongoing, and seeking an order indicating that Employer had satisfied its obligation with regard to such payments.[5] In an opinion circulated December 9, 1994, WCJ Thomas G. Devlin concluded that Employer met its burden of establishing that it had satisfied its obligation with regard to the payment of penalties and attorney fees in that "nothing in [WCJ] Stander's decision suggested an ongoing penalty or counsel fee." (WCJ Decision, December 9, 1994, at 3). Claimant

appealed to the Board and the Board remanded, determining that, because the WCJ made only limited findings with regard to the payments by Employer, the Board was unable to conduct a meaningful review. Notwithstanding its remand, however, the Board did address Claimant's contentions that, under the doctrines of *res judicata* and collateral estoppel, Employer could not request review of WCJ Stander's order, and that WCJ Devlin lacked jurisdiction to review WCJ Stander's order.

In addressing Claimant's *res judicata* and collateral estoppel contentions, the Board determined that Employer's Review Petition was *not* barred because the legal issue being litigated in the action then before it was not an issue in the prior litigation: the prior litigation addressed whether the imposition of penalties and attorney fees was appropriate, whereas the issue in the litigation before the Board was whether Employer had satisfied its obligation with regard to the assessed penalties and fees. With respect to Claimant's contention that WCJ Devlin lacked jurisdiction to review WCJ Stander's order, the Board determined that, because the imposition of penalties under Section 435 of the Act is discretionary, the WCJ "clearly has jurisdiction to ascertain penalty, interest and counsel fee amount, and to further

3. Employer also contended that the attorney fee award required a remand because the WCJ failed to make a finding with regard to the reasonableness of the fee. This Court held, however, that the issue had not been preserved by Employer and thus was waived.

4. We note that while the above-noted appeal was pending before this Court, Employer filed a Review Petition with the Department of Labor & Industry, seeking review of the ongoing payments for penalties and attorney fees. A WCJ denied that petition, concluding that he lacked jurisdiction over the issue because that very issue was pending before this Court. Employer did not appeal that determination.

5. Employer had paid to Claimant $24,857.42, representing a twenty percent penalty for the period of January 14, 1987, to August 27, 1993. Employer also made payment to Claimant's counsel of $30,847.20, representing costs and twenty percent of compensation benefits from January 14, 1987, to April 8, 1993, as counsel fees. In addition, due to the fact that Claimant had taken a judgment against Employer in the Court of Common Pleas of Philadelphia County, Employer requested Claimant's counsel sign a Praecipe to Mark Docket as Satisfied, pursuant to Section 429 of the Act, 77 P.S. § 934.

calculate whether the assessment of penalties, interest and counsel fees has been satisfied." (Board Opinion, August 13, 1997, at 6).

On remand, WCJ Devlin issued an opinion and order, circulated July 17, 1998, in which he made more detailed findings with regard to the payments made by Employer.[6] The conclusions of law, however, remained unchanged and WCJ Devlin granted Employer's Review Petition, determining that WCJ Stander's decision and order did not require ongoing penalty and attorney fee payments. Once again, Claimant appealed to the Board.

Before the Board, Claimant contended that WCJ Devlin erred in concluding that the penalties and attorney fees were intended to be assessed only on past compensation due and not on ongoing compensation payable in the future. The Board agreed with Claimant regarding the penalties but arrived at a different conclusion with regard to attorney fees.

█ The Board reversed WCJ Devlin's order with regard to penalties, determining that WCJ Stander intended assessment of penalties on past and future compensation. With regard to the attorney fees, however, the Board, relying on our decision in *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Cmwlth. 51, 592 A.2d 358 (1991), affirmed the order of WCJ Devlin. The Board reasoned that an award of attorney fees based on an unreasonable contest must be evaluated on a quantum meruit basis. The Board stated:

We are satisfied that the [WCJ] properly concluded that the appropriate fee in this matter should not be an ongoing assessment of 20% counsel fees against the Claimant's past and future compensation. Instead, the Claimant's counsel is entitled only to a quantum meruit award of fees, based upon the work involved and the complexity of the litigation. We are satisfied that the sum of $30,847.20 is an appropriate counsel fee awarded to the Claimant's counsel. As such, the [WCJ] properly concluded that [Employer] was no longer liable for payment of 20% of the Claimant's ongoing benefits as counsel fees under Section 440, and did not err in granting [Employer's] Review Petition.

(Board Opinion, 12/8/2000, at 9–10). Claimant now petitions this Court for review of the Board's order.[7]

Claimant presents the following issues for our review: (1) whether the WCJ and Board have the authority to reverse an award of 20% for counsel fees under Section 440 of the Act for an unreasonable contest after such award was affirmed by this Court; (2) whether the Board erred in concluding that Employer's Review Petition was not barred under principles of *res judicata* and collateral estoppel; and (3) whether the Board erred in affirming WCJ Devlin's decision, which concluded that WCJ Stander did not intend to impose a 20% attorney fee award for an unreasonable contest on future compensation payments.

█ In addressing Claimant's contentions, we must note that Claimant miscon-

---

6. Employer, in the meanwhile, had continued to make payments for the assessment and counsel fees, even though it was contesting the ongoing validity of such assessments.

7. Our standard of review in this matter is limited to a determination of whether consti-

tutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth.1996).

strues the nature of the present action. We agree with Claimant that the WCJ and the Board do not have the authority to reverse a decision of this Court. However, the issue being addressed in the present action has never been decided by this Court. In the appeals from WCJ Stander's order, the issue was whether Employer's contest was unreasonable such that Employer was liable for penalties and attorney fees under Section 440 of the Act; the principal issue in the present litigation is whether Employer has satisfied its obligations under the November 8, 1991, decision and order of WCJ Stander; succinctly, what did WCJ Stander mean when he ordered Employer to pay counsel fees to be "assessed at 20% of all compensation **due and payable.**" (WCJ Decision, 11/8/91, Finding of Fact No. 21, at 3)(emphasis added). Thus, because the issue being litigated here differs from those that were or should have been litigated in the previous action, the doctrines of *res judicata* and collateral estoppel do not apply. *See Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362 (Pa.Cmwlth.2001); *Maranc v. Workers' Compensation Appeal Board (Bienenfeld)*, 751 A.2d 1196 (Pa.Cmwlth.2000).

■ We now address Claimant's contention that the Board erred in affirming WCJ Devlin's order with regard to Employer's satisfaction of its obligation to pay attorney fees under Section 440 of the Act as ordered. As previously stated, WCJ Stander awarded Claimant attorney fees to be "assessed at 20% of all compensation **due and payable.**" (WCJ Decision, 11/8/91, Finding of Fact No. 21, at 3)(emphasis added). WCJ Devlin determined that this language required no ongoing payment of attorney fees. The Board did not agree but affirmed WCJ Devlin's decision on the basis that the amount already paid to Claimant's attorney was an "appropriate" fee, eliminating any ongoing obligation on the part of Employer. After careful review, we agree with WCJ Devlin based on the reasoning that follows.

Looking to the plain meaning of the language "due and payable," as used by WCJ Stander, we find that something that is due is "immediately enforceable" or "owing and payable." BLACK'S LAW DICTIONARY 515 (7th ed.1999). Something that is "payable" has been defined as something "[c]apable of being paid; suitable to be paid; admitting or demanding payment; justly due; legally enforceable." BLACK'S LAW DICTIONARY 1128 (6th ed.1990).[8] Furthermore, the definition of "payable" goes on to indicate that "payable" can refer to future obligations "**but, when used without qualification, [the] term normally means that the debt is payable at once** ...." *Id.*[9] Thus, the meaning of something that is "due and payable," without further modification, is something that is immediately and legally enforceable and payable at once.

---

8. The seventh edition of Black's Law Dictionary did not provide much guidance as to the meaning of "payable," in that it defined the term to be "(Of a sum of money or a negotiable instrument) that is to be paid." BLACK'S LAW DICTIONARY 1150 (7th ed.1999).

9. We wish to note that we are aware of the Superior Court of Pennsylvania's decision in *Schroeder v. Schrader*, 453 Pa.Super. 59, 682 A.2d 1305 (1996), in which that Court, relying on the fifth edition of Black's Law Dictionary, containing a definition of "payable" identical to the definition in the sixth edition, determined that the term "payable" refers to entitlement to future payments. We decline to accept the Superior Court's reasoning, however, as it failed to consider the second half of the definition which indicates that the term "payable" is normally construed to mean "payable at once" unless modified to mean otherwise.

The language used by WCJ Stander in his November 8, 1991, decision was simply "due and payable"; no further language was included to indicate any intention that attorney fees were to be assessed on future compensation. Therefore, based upon our interpretation of the language used by WCJ Stander, we reach the same conclusion as was reached by WCJ Devlin, and we hold that WCJ Stander did not intend payment of Section 440 attorney fees to be ongoing; those fees were assessed only against compensation that was due and payable at the time of WCJ Stander's order, not on compensation payable in. the future.

Accordingly, we affirm the order of the Board, albeit on grounds different from those expressed in its December 12, 2000, opinion.[10]

### ORDER

**NOW,** August 9, 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

---

**10.** We may affirm the order of a lower tribunal on other grounds where such other grounds to affirm exist. *City of Pittsburgh v. Logan,* 780 A.2d 870 (Pa.Cmwlth.2001).