# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Miguel Castaneda-Escobar,     :
           Petitioner     :
          :
      v.             :
          :
Ralph Martin Construction     :
(Workers' Compensation Appeal     :
Board),              :    No. 961 C.D. 2020
       Respondent     :    Submitted: February 5, 2021


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: March 25, 2021


Miguel Castaneda-Escobar (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) September 8, 2020 order affirming the Workers' Compensation Judge's (WCJ) decision denying and dismissing Claimant's Petition for Penalties (Penalty Petition). Claimant presents two issues for this Court's review: (1) whether the Board erred by affirming the WCJ's determination that *Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats)*, 186 A.3d 947 (Pa. 2018), cannot and should not be applied retroactively to obligate Ralph Martin Construction (Employer) to reimburse Claimant for the work-related medical expenses of $62,973.73 paid by Claimant following the settlement of Claimant's second third-party personal injury case; and (2) whether the Board erred by affirming the WCJ's determination that Employer

did not violate the WC Act (Act)[1] when Employer refused to reimburse Claimant for the work-related medical expenses. After review, we affirm.

Claimant sustained a work-related injury on May 12, 2010, during the course and scope of his employment with Employer. Following the work injury, Claimant resolved several third-party litigation cases. The first third-party case resolved for $1,000,000.00. Claimant executed a Third-Party Settlement Agreement (TPSA), which was filed with the Bureau of WC (Bureau) on August 11, 2014. Claimant received a second settlement for $5,000,000.00. Following the second settlement, Claimant executed a second TPSA (TPSA II), which was filed with the Bureau on April 1, 2015. Claimant also received a third settlement in the amount of $1,775,000.00 in December 2015. No TPSA was executed following this third settlement.

The proceeds of the second settlement were sufficient to satisfy Employer's WC lien pursuant to Section 319 of the Act.[2] In TPSA II, the parties agreed, "[t]he balance of recovery in the amount of $3,512,390.83 shall be a credit against future weekly benefits and medical expenses as set forth in [TPSA II]." Reproduced Record at 12a. Following the execution of TPSA II, Employer began taking a credit against future weekly indemnity benefits and Claimant's ongoing medical expenses in accordance with the parties' agreement as memorialized in TPSA II.

On June 19, 2018, the Pennsylvanian Supreme Court decided *Whitmoyer*, wherein the Court held that Section 319 of the Act did not contemplate a credit against future medical expenses for the balance of recovery. Specifically, the *Whitmoyer* Court noted that Section 319 of the Act addresses periodic payments and, as medical expenses are not always paid at a regular interval, the Court

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] 77 P.S. § 671.

2

concluded that Section 319 of the Act only applied to future indemnity benefits, not future medical expenses. Thereafter, Employer immediately stopped taking any reduction against Claimant's ongoing medical expenses. Claimant sought a retroactive reimbursement of the amount of medical expenses previously offset under TPSA II. Employer did not reimburse Claimant for those medical expenses, arguing that, prior to *Whitmoyer*, Employer was acting in accordance with the current state of the law, as well as the agreement between the parties as set forth in TPSA II. Employer also noted that the *Whitmoyer* Court did not specify that its decision applied retroactively.

When Employer did not reimburse the previously withheld medical expenses, Claimant filed the Penalty Petition, alleging that Employer violated the Act when it failed to make the retroactive reimbursement. The WCJ held hearings on November 6, 2018, and February 5, and April 16, 2019. On July 23, 2019, the WCJ denied and dismissed the Penalty Petition. Claimant appealed to the Board. On September 8, 2020, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[3]

Claimant first argues that the Board erred by affirming the WCJ's determination that *Whitmoyer* cannot and should not be applied retroactively to obligate Employer to reimburse Claimant for the $62,973.73 in work-related medical expenses Claimant paid following the settlement of Claimant's second third-party personal injury case. Claimant asserts that the *Whitmoyer* Court unequivocally held that the Act never authorized a credit to an employer for medical expenses as against a personal injury third-party recovery. Thus, Claimant contends that, if the Act never

---

[3] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

authorized the credit, then the right to take a credit did not exist when Claimant and Employer signed TPSA II. Hence, Claimant maintains that Employer did not have the right to take a credit for Claimant's second third-party recovery against the work-related medical expenses. Accordingly, Claimant contends that Employer should reimburse Claimant for the credit Employer was not authorized by the Act to take. Employer rejoins that the Board's decision should be affirmed because the credit Employer took against future medical expenses was consistent with existing law, was authorized by TPSA II, and *Whitmoyer* does not apply retroactively.

This Court addressed the retroactivity of *Whitmoyer* in *Beaver Valley Slag, Inc. v. Marchionda (Workers' Compensation Appeal Board)*, ___ A.3d ____ (Pa. Cmwlth. Nos. 867, 901 C.D. 2020, filed March 10, 2021). Therein, this Court held that, because "the status of the TPSA terms for future medical expense subrogation was not 'pending on direct appeal' at the time *Whitmoyer* was decided[,] *Dana Holding* [*v. Workers' Compensation Appeal Board (Smuck)*], 232 A.3d [629,] 647 (Pa. 2020),] . . . *Dana Holding* [] does not require, and this Court will not order, that *Whitmoyer* be applied retroactively to the date of the TPSA's origination." *Beaver Valley*, slip op. at 11.

Similarly, here, because the status of TPSA II's terms for future medical expense subrogation was not pending on direct appeal when *Whitmoyer* was decided, *Dana Holding* does not require that *Whitmoyer* be applied retroactively to the date of TPSA II's origination. Accordingly, the Board properly affirmed the WCJ's determination that *Whitmoyer* did not retroactively obligate Employer to reimburse Claimant for the work-related medical expenses paid by Claimant following the settlement of Claimant's second third-party personal injury case.[4]

---

[4] This Court does not however, endorse the WCJ's conclusion that *Whitmoyer* established a new rule of law. Under the *Dana Holding* Court's reasoning, because Section 319 of the Act was an existing statute which the Pennsylvania Supreme Court had not yet interpreted, and applying well-settled statutory interpretation principles was foreseeable, *Whitmoyer* did not

4

Claimant next argues that the Board erred by affirming the WCJ's determination that Employer did not violate the Act when Employer refused to reimburse Claimant for the work-related medical expenses. Employer rejoins that, *inter alia*, given the fact that Employer's actions were consistent with how future medical expenses had been credited prior to *Whitmoyer*, there was and is no violation of the Act that would have supported the imposition of a penalty.

This Court has explained:

Section 435(d)(i) of the Act allows for a penalty of up to 50[%] of the compensation due to be assessed if an employer violates the Act or its regulations. [*See*] 77 P.S. § 991(d)(i).[5] In penalty petition proceedings, the claimant 'bears the burden of proving a violation of the Act occurred' and, if met, the burden 'shifts to the employer to prove it did not violate the Act.' *Dixon v. Workers' Comp. Appeal Bd. (Medrad, Inc.)*, 134 A.3d 518, 525 (Pa. Cmwlth. 2016) (quoting *Gumm v. Workers' Comp. Appeal Bd. (Steel)*, 942 A.2d 222, 232 (Pa. Cmwlth. 2008)). 'When a violation of the Act occurs, it is within the discretion of the WCJ to impose penalties.' *Jordan v. Workers' Comp. Appeal Bd. (Phila. Newspapers, Inc.)*, 921 A.2d 27, 41 (Pa. Cmwlth. 2007).

*Kurpiewski v. Workers' Comp. Appeal Bd. (Caretti, Inc.)*, 202 A.3d 870, 888 (Pa. Cmwlth. 2019).

Here, the Board opined:

*Whitmoyer* does not apply fully retroactively [sic] in this current matter; therefore, [Employer] did not violate the Act by failing to reimburse Claimant. Additionally, [Employer] followed the state of the law prior to

---

establish a new rule. Thus, this Court's holding that *Whitmoyer* is not retroactive is not based on finding that *Whitmoyer* established a new rule of law, just as the *Dana Holding* Court's ruling that *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), was not retroactive was not based on such a finding. *See Chrzan v. Workers' Comp. Appeal Bd. (Allied Corp.)*, 805 A.2d 42, 47 n.10 (Pa. Cmwlth. 2002) ("We may affirm the order of a lower tribunal on other grounds where such other grounds to affirm exist.").

[5] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

5

*Whitmoyer* and took credits in compliance with the terms of [TPSA II], which was in effect at that time. Thus, [Employer] did not violate the Act prior to the issuance of *Whitmoyer* or after *Whitmoyer* was decided.[6] As Claimant failed to establish that [Employer] violated the Act, Claimant is not entitled to a penalty award.

Bd. Op. at 11. This Court discerns no error in the Board's reasoning.

Prior to *Whitmoyer*, this Court interpreted Section 319 of the Act as permitting employers to take a credit against medical expenses. *See Zacour v. Workers' Comp. Appeal Bd. (Mark Ann Indus.)*, 824 A.2d 336 (Pa. Cmwlth. 2003). "Here, Employer did not violate the Act by following this Court's construction of the Act as set forth in [*Zacour*]." *LifeQuest Nursing Ctr. v. Workers' Comp. Appeal Bd. (Tisdale)*, 190 A.3d 811, 818 (Pa. Cmwlth. 2018). Accordingly, the Board properly affirmed the WCJ's determination that Employer did not violate the Act when Employer did not reimburse Claimant for the $62,973.73 in work-related medical expenses.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[6] Concerning whether Employer violated the Act **after** *Whitmoyer* was decided, "[f]ollowing the *Whitmoyer* [d]ecision, [Employer] immediately stopped taking any reduction against Claimant's ongoing medical expenses." WCJ Dec. at 3, Finding of Fact 11. Thus, the issue of whether and/or when *Whitmoyer* required Employer to stop taking reductions against Claimant's ongoing medical expenses was not before the WCJ, the Board or this Court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Miguel Castaneda-Escobar,      :
            Petitioner     :
                       :

        v.           :

Ralph Martin Construction     :
(Workers' Compensation Appeal  :
Board),               :    No. 961 C.D. 2020
           Respondent  :

## O R D E R

AND NOW, this 25th day of March, 2021, the Workers' Compensation Appeal Board's September 8, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge